**Gary WHITE, Appellant,**

v.

**Christopher S. BOND, Joseph Teasdale, John Ashcroft, Dick Moore, Lee Roy Black and David Blackwell, Appellees.**

No. 82–2308.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Nov. 18, 1983.

John Ashcroft, Atty. Gen., George W. Cox, III, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

James M. Warden, Bruce Campbell, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for appellant.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Gary White appeals from the district court's[1] summary judgment of his pro se action alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986. White contends that the district court improperly dismissed his civil rights action as frivolous. We reverse and remand for further proceedings.

On July 28, 1982, inmate Gary White filed a pro se civil rights action and a motion for appointment of counsel. He alleged that members of the Missouri Parole Board dis-

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

criminated against him in parole hearings because of his race and economic status. White also raised several due process claims: he contended that he was not informed of the criteria used by the Board in twice denying him parole, and that he was denied access to his parole file and other prison files containing information utilized by the Board in its decisionmaking process. In addition, White alleged a right to counsel for his parole hearings.

White also claimed that over a seven and one-half year period, numerous state officials and employees had conspired against him. The alleged objectives of the conspiracy were to commit "criminal acts" against White because of his race, and to retaliate against White because of litigation he was pursuing. White asserted that numerous acts were committed in furtherance of the conspiracy, including compiling false information and placing it in White's institutional files to discredit him, giving White an apple that contained a drug which caused him to have a temporary kidney ailment, inciting a riot at the Missouri State Penitentiary in order to kill White, conspiring to serve White a drink containing LSD in order to deprive him of his sanity, attempting to kill White by setting his cell on fire while he slept, invading his privacy by unwarranted intrusions into his mail, conspiring to administer a drug that would cause heart failure, and employing psychological treatments that would cause White to become sexually aggressive.

A number of White's broad allegations are improper or inadequate to state a claim upon which relief can be granted. Several, however, may state a valid civil rights cause of action, especially because pro se pleadings such as White's are to be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). In particular, White's allegation of racial discrimination in the parole process appears to state a cognizable section 1983 claim. *See Inmates of Nebraska Penal and Correctional Complex v. Greenholtz,* 567 F.2d 1368, 1370 (8th Cir.1977), *cert. denied,* 439 U.S. 841, 99 S.Ct. 132, 58 L.Ed.2d 140 (1978); *see also Block v. Potter,* 631 F.2d 233, 238 (3d Cir.1980). In addition, although White's complaint may not state facts sufficient to give rise to the inference that a conspiracy existed, *see White v. Walsh,* 649 F.2d 560, 561 (8th Cir.1981); *Means v. Wilson,* 522 F.2d 833, 840 (8th Cir.1975), *cert. denied,* 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976), several of the specific acts allegedly committed against White, such as unwarranted interference with his mail, may present valid civil rights claims. *See Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1977).

Counsel appointed to argue this case on appeal indicated that he would accept appointment to recast White's complaint. We appreciate counsel's willingness to serve in this matter. Accordingly, we remand this case to give counsel an opportunity to amend White's complaint, developing his due process claims and alleging with greater particularity those claims that may be cognizable under 42 U.S.C. § 1983.