**Randall SCHMIDT, Cheryl Schmidt, Kim Walter and Jean Walter, Appellants,**

**v.**

**James D. WILKINSON and Frances Wilkinson, Appellees.**

**No. 69569.**

Supreme Court of Iowa.

Nov. 23, 1983.

Lyle A. Rodenburg, Council Bluffs, for appellants.

Scott H. Peters of The Peters Law Firm, P.C., Council Bluffs, for appellees.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

The sole issue presented by this appeal is whether the trial court erred in granting defendants' motion to dismiss for plaintiffs' alleged failure to properly plead an abuse of process claim. We conclude that plaintiffs' petition sufficiently stated an abuse of process claim in compliance with the "notice pleading" requirements of Iowa R.Civ.P. 69(a). Accordingly, we reverse and remand the case for further proceedings.

The record for purposes of this appeal is very brief. Plaintiffs filed a petition on August 6, 1982. The petition consisted of two divisions. Division I was drafted to assert a claim for abuse of process. Plaintiffs alleged that plaintiffs Randall Schmidt and Kim Walter are police officers of the City of Council Bluffs. The other plaintiffs are their wives. Plaintiffs also alleged that defendants filed a lawsuit against them in 1978, and that by doing so they "improperly used the civil process against plaintiffs primarily to accomplish purposes for which the civil process was not designed." Additionally, plaintiffs asserted that the prior suit by defendants was an attempt to avoid a lawful criminal prosecution. Division II asserted a claim for loss of consortium by the wives based on the abuse of process alleged in division I.

Defendants filed a motion to dismiss, contending that plaintiffs failed to state a claim on which any relief can be granted.

In ruling on defendants' motion, the court entered an order dismissing plaintiffs' petition with prejudice based on its finding that "plaintiffs have *failed to plead facts* showing abuse of civil process." (Emphasis added.)

Plaintiffs then appealed from that order.

I. *Consideration of a motion to dismiss in view of notice pleading.* We have previously stated that for purposes of ruling on a motion to dismiss for "failure to state a claim on which any relief can be granted," Iowa R.Civ.P. 104(b), our "notice pleading," provided for in Iowa R.Civ.P. 69(a), requires only a "short and plain statement of the claim" and does not require the pleading of facts. *Lakota Consolidated Independent School v. Buffalo Center/Rake Community Schools,* 334 N.W.2d 704, 708 (Iowa 1983); *Van Meter v. Van Meter,* 328 N.W.2d 497, 497 (Iowa 1983). We have stated, however, that "notice pleading" requires, at a minimum, "fair notice" of the claim asserted so the other party can make an adequate response. *Gosha v. Woller,* 288 N.W.2d 329, 331 (Iowa 1980). We interpret our cases to mean that "notice pleading" does not require the pleading of ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide "fair notice" of the claim asserted. This view is consistent with *Soike v. Evan Mat-*

*thews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981), where we found that a petition provides "fair notice" if it *apprises a defendant of the incident giving rise to the claim,* states the prima facie elements of the claim and sets forth the general nature of the action, and *Gosha,* 288 N.W.2d at 331, where we said that "fair notice" is not premised upon a showing that the *rigid requirements of a cause of action* have been pleaded.

■ In order to uphold the sustention of a motion to dismiss under rule 104(b), we must conclude that no state of facts is conceivable under which plaintiff might show a right of recovery. *Lakota,* 334 N.W.2d at 708.

■ II. *Adequate pleading of an abuse of process claim.* At the outset we note that the trial court erred in granting defendants' motion to dismiss, based on plaintiffs' failure "to plead facts showing abuse of civil process," because a plaintiff is not required to plead ultimate facts. *Van Meter,* 328 N.W.2d at 497.

■ In addition, we conclude that plaintiffs' petition sufficiently stated a claim of abuse of process in compliance with the "notice pleading" requirements of Iowa R.Civ.P. 69(a). Paragraph five of plaintiffs' petition is a concise statement of the claim of abuse of process. It alleges:

5. That defendants *improperly used* the *civil process* against plaintiffs *primarily to accomplish purposes for which the civil process was not designed.*

(Emphasis added.)

Plaintiffs' pleading is substantially identical to the language of section 682 of the Restatement (Second) of Torts (1977) which provides the general principle for an abuse of process claim. It states:

*One who uses* a *legal process,* whether criminal or civil, against another *primarily to accomplish a purpose for which it is not designed,* is subject to liability to the other for harm caused by the abuse of process.

(Emphasis added.)

■ We have previously adopted section 682, and comment a of that section, of the first edition of the Restatement of Torts. *Mills County State Bank v. Roure,* 291 N.W.2d 1, 4 (Iowa 1980); *Sarvold v. Dodson,* 237 N.W.2d 447, 448–49 (Iowa 1976). We today adopt section 682, and comments a and b, of the Restatement (Second) of Torts. The Restatement (Second) of Torts section 682 is identical to the Restatement of Torts section 682 in all respects except for the addition of the word "primarily" in the second edition. This revision narrows the claim of abuse of process as explained in new comment b:

b. "Primarily." The significance of this word is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. . . .

For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of *some form of extortion,* using the process *to put pressure upon the other to compel him* to pay a different debt or *to take some other action* or refrain from it.

(Emphasis added.)

■ We also agree with the additional commentary found in Restatement (Second) of Torts section 682 app. (1981) which attempts to crystalize the essence of abuse of process:

Some act or threat directed to an immediate objective not legitimate in the use of the process is required, and the defendant is not liable if he has done no more than carry the process to its authorized conclusion, even with bad intentions.

(Citations omitted.)

Support for this characterization of abuse of process can be found in *Sarvold,* 237 N.W.2d at 449:

The improper use which is the essence of the tort is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process it-

self, and is, in Prosser's words [W. Prosser, The Law of Torts, § 121 at 857 (4th ed. 1971) ], 'a form of extortion' in which a lawfully used process is perverted to an unlawful use.

(Citation added.)

Our recent cases that discussed abuse of process, *Froning & Deppe, Inc. v. South Story Bank & Trust,* 327 N.W.2d 214, 215 (Iowa 1982); *Mills County State Bank,* 291 N.W.2d at 4; and *Brody v. Ruby,* 267 N.W.2d 902, 905–06 (Iowa 1978), did not note the change in the 1977 edition of Restatement (Second) of Torts, section 682, and the addition of comment b thereunder, that made it clear that an abuse of process ordinarily relates to an extortion or coercion attempt by one person to cause the other person to do or not to do some other thing.

Because plaintiffs' petition is a "short and plain statement of the claim" of abuse of process, we conclude that defendants in this case have been afforded "fair notice" of plaintiffs' claim.

Finally, we cannot conclude as a matter of law that no facts are conceivable under which a claim for abuse of process could be maintained. Although unnecessary to state a claim for abuse of process for the purposes of rule 69(a), plaintiffs specifically pleaded in paragraph six of their petition that "defendants abused the civil process by filing [their prior petition against plaintiffs] to: (a) attempt to avoid a lawful criminal conviction. . . ." Assuming this allegation to be true, as we must in addressing a motion to dismiss based on the pleadings, *Aalfs v. Aalfs,* 246 Iowa 158, 160, 66 N.W.2d 121, 122 (1954), we conclude that an improper use of civil process to attempt to avoid a lawful criminal conviction would support a claim of abuse of process under section 682 of the Restatement (Second) of Torts. The quoted allegation conceivably states a form of extortion by defendants to put pressure on plaintiffs to compel them to take action to dismiss or impede criminal charges against the defendants.

Therefore, we conclude the trial court should not have dismissed the petition un-der rule 104(b). The case is reversed and remanded for further appropriate proceedings.

REVERSED AND REMANDED.