**Thomas A. MUNZ, Appellant,**

v.

**Robert G. PARR, Police Officer, City of Cedar Rapids Police Department; Kenneth D. Washburn, Police Officer, City of Cedar Rapids Police Department; Jerry Chapman, Police Officer, City of Cedar Rapids Police Department; Robert Hagist, Identification Officer, City of Cedar Rapids Police Department; John Doe, Police Officer, City of Cedar Rapids Police Department; Jane Spande, Assistant County Attorney, Linn County Attorney's Office; Eugene Kopecky, Linn County Attorney, Linn County Attorney's Office; City of Cedar Rapids, Iowa; and Linn County, Iowa, Appellees.**

No. 84–1551.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1984.

Decided March 29, 1985.

---

*Id.*

*Id.*

Martin Ozga, Des Moines, Iowa, for appellant.

Gregory S. Jager, Asst. City Atty., and Craig Kelinson, Asst. Linn County Atty., Cedar Rapids, Iowa, for appellees.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Thomas A. Munz appeals an order dismissing his complaint under 42 U.S.C. § 1983 (1982) against police officers of the City of Cedar Rapids, members of the Linn County Attorney's office, the City of Cedar Rapids, and Linn County, Iowa. The complaint is based on a search of his apartment for photographs of Munz and a minor female. The district court dismissed the pro se complaint pursuant to 28 U.S.C. § 1915(d) (1982) before issuance or service of process. On appeal, Munz (now represented by appointed counsel) argues that dismissal was improper because the complaint stated several cognizable claims.

We reverse and remand for further proceedings.

This case was filed as a result of the search of Munz's apartment by Cedar Rapids' police officers and his ensuing guilty plea, conviction, and incarceration for sexually exploiting a minor. The complaint consists of twenty-four pages and contains ninety-nine paragraphs of factual allegations. Munz alleged that on April 7, 1982, following the issuance of an arrest warrant by a Linn County magistrate, five Cedar Rapids police officers entered the apartment house where Munz resided. The officers confronted Munz and showed him the arrest warrant. One of the police officers, Officer Washburn, asked Munz whether he could search his room. Munz asked the officer for a search warrant and asked to speak with an attorney. Despite his repeated requests, no warrant was ever produced. The officers searched Munz's apartment and seized various items located there. A search warrant dated April 7, 1982 is attached to the complaint. Munz alleged, however, that it was issued after the fact.

During the course of the search, he alleged, the apartment was ransacked and damaged. Although an affidavit supporting the search warrant indicated that only photographs of a female minor and Munz were the subject of the search and were expected to be found in a briefcase, police officers searched and photographed the whole apartment. Munz also alleged that a variety of papers, documents, and personal property was seized without authorization.

Munz also alleged that defendants used excessive force in arresting him. During the search and subsequent arrest, five Cedar Rapids' police officers had contact with Munz. Four of those officers, Washburn, Parr, Chapman and Hagist, were named in the complaint. The other officer, who used excessive force against Munz, is described as "John Doe." The complaint stated that:

Defendant, John Doe was, at the time this claim arose, and to the best of plaintiff's knowledge and belief presently is

employed as a uniformed police officer at the City of Cedar Rapids, Iowa, Police Department, and, in that capacity, participated in the arrest, search and seizure which is complained of herein. This John Doe will be identified upon the taking of discovery by plaintiff.

The complaint also alleged that various officials and employees of the City of Cedar Rapids and Linn County joined to deprive Munz of his rights under the fourth, fifth and fourteenth amendments by concealing the true circumstances of his arrest and by concealing physical evidence. These actions allegedly constituted a conspiracy and an abuse of process. Specific actions alleged in furtherance of this conspiracy included: the lack of a search warrant prior to the search of the apartment; overreaching in the search and seizures; Officer Parr's falsification of his affidavit given to obtain a search warrant; the failure of prosecutor Spande, despite her knowledge of the falsifications of Officer Parr and the unreasonable search and seizure conducted by the police officers, to disclose this information to the court; and the falsification of court documents at the direction of county attorney Kopecky.

The district court granted Munz's application to proceed in forma pauperis and then dismissed the complaint. The court found that Munz's search and seizure claims failed to state causes of action because they were "mere conclusory allegations." The court found that the excessive force claim was deficient because Munz named only a "John Doe" defendant. Finally, the court held that conspiracy claims were insufficient as "conclusory allegations."

### I.

■ We first consider whether the district court erred in dismissing Munz's excessive force claim because the defendant was unnamed. The complaint alleged that four of the named defendants, officers Parr, Chapman, Washburn and Hagist, together with John Doe, went to Munz's apartment. It also alleged that Doe grasped plaintiff's handcuffs by the chain, lifted his arms upward and inflicted "excruciating pain" to Munz's arms and wrists. With these specifics, it is quite likely, as Munz alleged, that Officer Doe is capable of being identified. Under these circumstances, it was improper for the court to dismiss the claim at such an early juncture. *See Chavis v. Rowe,* 643 F.2d 1281, 1290 n. 9 (7th Cir.), *cert. denied,* 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225 (1981); *Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980); *Southern Methodist University Association of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 710, 712–13 (5th Cir.1979); *Gordon v. Leeke,* 574 F.2d 1147, 1152–53 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *cf. Brandon v. District of Columbia Board of Parole,* 734 F.2d 56, 59 (D.C. Cir.1984) ("If it appears that the [pro se] complainant could, after discovery, offer facts which would validate the complaint, *sua sponte* dismissal is premature."), *cert. denied,* —— U.S. ——, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery. *See Duncan v. Duckworth,* 644 F.2d 653, 656 (7th Cir. 1981); *see also Bivens v. Six Unknown Agents,* 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 2001 n. 2, 29 L.Ed.2d 619 (1971) (district court ordered service upon agents shown by United States attorney's records to have participated in petitioner's arrest). Munz should have then been permitted to amend the complaint and serve the identified defendant. *See Maggette v. Dalsheim,* 709 F.2d 800, 803 (2d Cir.1983). Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention. *See Schiff v. Kennedy,* 691 F.2d 196, 198 (4th Cir.1982).

### II.

■ The next issue is whether the court erred in dismissing the remainder of

Munz's claims before any of the defendants were served. Section 1915(d) allows the court to dismiss a case in forma pauperis if it is "satisfied that the action is frivolous." The court may order dismissal sua sponte, without requiring service on the defendants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982) (per curiam); *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir.1974). Sua sponte dismissals are not favored, though, because "they cast the district court in the role of a 'proponent rather than an independent entity.'" *Tingler v. Marshall*, 716 F.2d 1109, 1011 (6th Cir.1983) (quoting *Franklin v. Oregon State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir.1981)). They may also lead, as this case demonstrates, to the wasteful "shuttling of the lawsuit between the district and appellate courts." *Lewis v. State of New York*, 547 F.2d 4, 6 (2d Cir.1976). Nevertheless, dismissal before service is not per se reversible error. We therefore must examine the allegations of the complaint to determine whether they were properly dismissed as conclusory.

### III.

■ "Under the liberal rules applicable to *pro se* prisoners, an action is not frivolous unless it appears 'beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief.'" *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983) (per curiam) (quoting *Wilson v. Iowa*, 636 F.2d 1166, 1168 (8th Cir.1981)), *quoted in Horsey v. Asher*, 741 F.2d 209, 211 (8th Cir.1984); *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Pro se complaints must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *see* Fed.R.Civ.P. 8(f). Consistent with its neutral role, the court is not to anticipate defenses not obvious from the pleadings. *Franklin v. Murphy*, 745 F.2d 1221, 1228–29 (9th Cir.1984). Dismissal is warranted only if the face of the complaint shows an "insuperable bar to relief." *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).

The district court dismissed the plaintiff's claims as "conclusory allegations." No effort was made to specifically explain the deficiencies in the complaint, and Munz was not invited to amend with more particular statements of his claims. In considering the "conclusory" dismissal, we will address only those claims that Munz defends on appeal. Since the disposition of the remaining allegations has not been contested here, the dismissal as to these allegations is affirmed.

■ Munz raises several claims relating to the search of his apartment. Initially he argues that officers searched his dwelling without a warrant obtained beforehand. In the alternative, Munz contends that the officers exceeded the scope of the warrant in searching unauthorized parts of his home and in destroying or seizing property that was not contraband or evidence. These allegations are sufficiently specific to apprise the defendants of the acts Munz claims were unlawful. Neither this court nor the district court is capable of determining from the complaint whether these specific allegations are true. If they are assumed to be true, however, they are sufficient to state a claim. *See Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927); *Augustine v. Doe*, 740 F.2d 322, 325–26 (5th Cir.1984); *Watts v. Graves*, 720 F.2d 1416, 1419–20 (5th Cir.1983).

■ Munz also alleged that police officers and city and county officials conspired to deprive him of his constitutional rights and conceal the deprivation. The complaint thus alleged that state actors combined to commit overt acts in violation of the constitution. We are not satisfied that sufficient facts have been stated to give rise to an inference of a meeting of the minds. *See White v. Walsh*, 649 F.2d 560, 561–62 (8th Cir.1981). At the same time, we are not convinced that Munz can prove no set of facts that would entitle him to relief. In light of the remand on the other claims, we

need not decide whether this claim, standing alone, must be dismissed. On remand, Munz should, with his appointed counsel, be given a chance to amend his complaint with more specific allegations regarding the conspiracy. *See White v. Bond*, 720 F.2d 1002, 1003 (8th Cir.1983) (per curiam) (order dismissing broad conspiracy allegations reversed and remanded for petitioner to plead more particularly).

▮ Finally, Munz alleged that various defendants engaged in an abuse of process by using legal machinery to destroy his property. The elements of this state law claim were recently defined by the Supreme Court of Iowa: "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Schmidt v. Wilkinson*, 340 N.W.2d 282, 284 (Iowa 1983) (quoting *Restatements (Second) of Torts* § 682 (1977)). The *Schmidt* court upheld against a motion to dismiss a claim that "the defendants improperly used the civil process against plaintiff's primarily to accomplish purposes for which the process was not designed." *Id.* The Iowa court was guided by the "notice pleading" theory that the federal courts follow and applied a "no state of facts" test to the motion to dismiss.

Munz's pleading neglects to allege that the defendants' improper motive was the primary reason for invoking the judicial process. An "incidental motive of spite" or an "ulterior purpose of benefit to the defendant" will not support an abuse of process claim. *Id.* at 284 (quoting *Restatement (Second) of Torts* § 682 comment b). Nevertheless, a pro se pleading should be given the benefit of the doubt. Thus, on remand Munz should be allowed to amend his abuse of process claim. *See also Asay v. Hallmark Cards*, 594 F.2d 692, 695–96 (8th Cir.1979) (although not a "model of clarity," abuse of process claim was improperly dismissed under Iowa law).

▮ What we have said thus far relates to Munz's allegations with respect to the individual defendants. He has also alleged that the City of Cedar Rapids and Linn County "have established a practice of aiding and abetting its officers, employees and agents illegal activities described in this complaint, by concealing said actions for them" and that their actions "of allowing a practice of concealment of their officers, employees and agents' illegal activities" violated his constitutional rights. The city of Cedar Rapids and Linn County argue that the claims against them should be dismissed under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Munz claims that *Monell* is satisfied by his bare allegation that these defendants established a "practice" of concealing the unlawful acts of their officers and agents.

Munz's conclusory statements are not sufficient to state a claim against the city or county. He has done little more than "merely parrot the language of *Monell*." *Hamrick v. Lewis*, 515 F.Supp. 983, 986 (N.D.Ill.1981). Absent allegations that the city or county practices involved more than a single set of circumstances relating only to Munz, these defendants must be dismissed. *See Barr v. Hardiman*, 583 F.Supp. 1, 3–5 (N.D.Ill.1982). Accordingly, we conclude that the district court did not err in dismissing Cedar Rapids and Linn County and affirm its judgment in this respect.[1]

### IV.

We conclude that Munz's complaint has stated causes of actions against the individual defendants relating to excessive force and the relationship of the warrant to the search and seizures. On remand, the named individual defendants should be served and Munz should be permitted to identify Officer Doe. Munz should also be allowed to amend his complaint. The district court will have an opportunity to pass

---

1. Appellees raise a number of defenses to the claims. None of these defenses were presented to the district court and we will not decide these issues in the first instance on appeal.

upon its sufficiency with respect to the conspiracy and abuse of process claims. All of the claims may eventually be subject to summary judgment. *See Horsey*, 741 F.2d at 213. Nevertheless, the complaint is sufficient to take the case against the individuals to this next stage. We reverse and remand for further proceedings consistent with this opinion.