**Thomas A. MUNZ, Plaintiff–Appellant,**

v.

**Robert G. PARR, Police Officer, City of Cedar Rapids Police Department, et al; City of Cedar Rapids; Kenneth D. Washburn; Jerry Chapman; Robert Hagist, Defendants–Appellees.**

No. 91–3039.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1992.

Decided Aug. 14, 1992.

Kenneth F. Dolezal, Cedar Rapids, Iowa, argued, for plaintiff-appellant.

Mohammad H. Sheronick, Cedar Rapids, Iowa, argued, for defendants-appellees.

Before JOHN R. GIBSON, Circuit Judge, PECK,* Senior Circuit Judge, and BEAM, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Thomas A. Munz is again before us, appealing the district court's unfavorable disposition of his civil rights suit brought under 42 U.S.C. § 1983 (1988) against members of the Cedar Rapids, Iowa, Police Department. Munz's claims arise from a 1982 search of his apartment that led to his conviction on pornography charges. The district court originally dismissed Munz's multiple-count complaint before issuance or service of process. In our earlier opinion, *Munz v. Parr*, 758 F.2d 1254 (8th Cir.1985), we reversed the dismissal of Munz's claim with respect to excessive force and ordered the district court to proceed with it if Munz could identify the "John Doe" defendant he claimed exerted the excessive force. We also remanded to allow Munz to amend his conspiracy claim to add more specific allegations, and to amend his abuse of process claim to include the essential elements of the claim. *Id.* at 1259–60. We further stated that Munz stated a cause of action regarding the relationship of the search warrant to the search and seizures within his home, entitling him to serve this claim upon the defendants. *Id.* at 1258–59. On remand, the district court held that: (1) collateral estoppel barred Munz's claim that the search was unconstitutional; (2) Munz's new allegation that Officer Chapman, a previously named defendant, was "John Doe," was implausible; and (3) there were no facts alleged to substantiate a claim of conspiracy. The district court also denied as moot the appellees' motions to quash the taking of certain depositions. On appeal, Munz argues that the district court erred in these rulings and also failed to consider the search issue as an invasion of privacy claim. We affirm the judgment of the district court.[1]

We first consider Munz's arguments regarding the constitutionality of the search of his apartment. There seems to be little question that the search was, most charitably, a vigorous one. We set forth the facts in some detail in our earlier opinion, 758 F.2d at 1256, and the Iowa Court of Appeals also described some details of the search in denying Munz's request for post-conviction relief. *Munz v. State*, 382 N.W.2d 693, 699–702 (Iowa Ct.App.1985). The district court relied on the state court decision in ruling that Munz had a full and fair opportunity to litigate the issues relat-

---

* The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. The Honorable Donald E. O'Brien, Chief Judge for the United States District Court for the Northern District of Iowa.

ed to the constitutionality of the search. *See id.*, 382 N.W.2d at 698–99 (upholding validity of search warrant for Munz's apartment). Therefore, the court determined that collateral estoppel barred Munz from challenging the constitutionality of the search. *Munz v. Parr*, No. 84–61, slip op. at 4–6 (N.D. Iowa July 10, 1991).

■ Munz argues that the issue in this case involves a civil rights claim for invasion of privacy based on the Fourth Amendment, and not a criminal defendant's Fourth Amendment rights, so collateral estoppel does not apply. To the contrary, the Supreme Court has made clear that collateral estoppel applies to section 1983 actions involving alleged Fourth Amendment violations. *Allen v. McCurry*, 449 U.S. 90, 92, 96–104, 101 S.Ct. 411, 413–414, 415–420, 66 L.Ed.2d 308 (1980). Munz also claims that the district court narrowly interpreted our earlier decisions. Such is not the case. The district court simply stated the correct rule of law, found in *Lane v. Peterson*, 899 F.2d 737 (8th Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990), and applied it to the case. *Lane* held that "a party may rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action." *Id.* at 741 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332, 99 S.Ct. 645, 652, 58 L.Ed.2d 552 (1979)). The district court also properly determined that it was entitled to give preclusive effect to the Iowa court judgment. *See* 28 U.S.C. § 1738 (1988) (federal courts must give full faith and credit to state court proceedings); *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (listing four necessary elements for issue preclusion). The district court concluded that the state court conducted extremely detailed proceedings and thoroughly analyzed the legal issues, and that Munz had a full and fair opportunity and incentive to litigate the issues. Slip op. at 4–7. The district court did not err in so

ruling, and Munz's argument to the contrary is legally frivolous.

■ With respect to the excessive force claim, this court remanded the issue for further consideration should Munz identify the officer he had described only as "John Doe." *Munz*, 758 F.2d at 1257. The district court observed that Munz's original complaint had alleged that four named defendants, Parr, Chapman, Washburn, and Hagist, "together with John Doe," went to Munz's apartment, and that Doe had inflicted excruciating pain upon Munz. The district court pointed out that for several years, Munz alleged that an unknown officer, and not Chapman, had assaulted him. Slip op. at 8–9. Munz's new version of facts naming Chapman as the assaulting officer therefore seemed "implausible," since Munz had no explanation for his change in story. *Id.* at 11. Thus, the district court concluded that Munz had failed to carry his burden to avoid summary judgment. *Id.* at 11–12. The district court's reasoning in this respect is without error. Munz's change of position as to the identity of the officer who used excessive force is also contrary to the one that he took before this court in the earlier appeal. *See Munz*, 758 F.2d at 1257.

■ The district court also concluded that Munz alleged no additional facts that would give rise to an inference of a meeting of the minds or a conspiracy.[2] Slip op. at 12–13. Our review of Munz's amended complaint convinces us that the district court did not err in reaching this conclusion.

Finally, Munz argues that the district court erred in failing to overrule the appellees' motions to quash subpoenas filed for the purpose of taking discovery depositions. The district court denied these motions as moot, and did not err in so ruling. The legal deficiencies of Munz's complaint mooted any discovery requests that went to the issues raised in the complaint.

---

2. In his amended complaint dated June 10, 1986, Munz included allegations relating to his abuse of process claim. The district court did not specifically address this claim, however, and Munz has not raised it on appeal.