991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James Jessie WEISS, Appellant,
v.
Dick MOORE, Dept. Dir.; Myrna Trickey, Class. & Treat.
Dir.; Bill Armontrout, Warden MSP; Donald Cline, Supr.;
Gerald Bommel, Supr.; Harry Lauf, Records Ofcr.; Dale
Riley, Asst. Dept. Dir.; Robert Acree, Supr.; Tom Fisher,
Unit Mgr.; Officer Mitchell; Officer Otto Vines; Vince
Kisher, Caseworker; Mr. Wirtel, Caseworker; William
Roundtree; Roy New, Notary, Defendants,
John DOE, Appellee,
Jim JONES; Tony Spillers, Defendants.
 No. 92-2848.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 31, 1993.
Filed: April 12, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James J. Weiss, a Missouri inmate, appeals from the district court's[1] denial of his Federal Rule of Civil Procedure 60 motion, following the court's dismissal of his action against "John Doe," a Missouri prison official. We affirm.
 
 
 2
 In 1990, Weiss filed an action against various Missouri prison officials, including a "John Doe." The district court dismissed with prejudice the claims against John Doe and another defendant and dismissed without prejudice the claims against the remaining defendants. This court affirmed the dismissals with regard to all defendants except John Doe, noted the claim against John Doe was not frivolous, and remanded for further proceedings consistent with Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (district court should order defendants to disclose John Doe's identity or should permit plaintiff to identify John Doe through discovery). Weiss v. Moore, No. 90-2384 (8th Cir. Apr. 30, 1991).
 
 
 3
 In October 1991, the district court dismissed the suit without prejudice as to John Doe, concluding no methods of discovery existed to ascertain his identity; the AG did not represent John Doe, the only remaining defendant; Weiss could not identify John Doe; and a deposition for the purpose of perpetuating testimony did not apply here where the identity of the defendant was in issue. In December and January, Weiss filed a response and numerous motions. In June 1992, the district court construed Weiss's response as a motion for reconsideration pursuant to Rule 60, and summarily denied all of Weiss's pending motions. Weiss appealed.
 
 
 4
 To the extent Weiss is attempting to appeal from the October 1991 order dismissing without prejudice his action against John Doe, we do not have jurisdiction to review that order. Weiss's motion for reconsideration, filed more than ten days after the order of dismissal, did not toll the time for appeal. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). Similarly, this appeal from the denial of Weiss's Rule 60 motion "does not raise the underlying [dismissal] for review; it presents [this court] only with the question of whether the trial court abused its discretion in ruling on the motion." Id.
 
 
 5
 We conclude the district court did not abuse its discretion in denying the Rule 60 motion. Weiss did not offer new grounds supporting his motion, but relied instead on this court's remand order. See id. at 170. Weiss also presented issues which he could have raised in a timely appeal. See id. (court need not grant Rule 60(b) relief when motion is substitute for timely appeal).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri