# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2825

_____

| | |
|---|---|
| Jan Reis, | * |
| | * |
| Plaintiff/Counter | * |
| Defendant - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Hulon Walker, | * |
| | * |
| Defendant/Counter | * |
| Plaintiff - Appellant. | * |

_____

Submitted: January 8, 2007
Filed: June 25, 2007

_____

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Jan Reis served as director of quality assurance and chief operating officer for Care Initiatives, a non-profit corporation headquartered in West Des Moines, Iowa. Reis commenced this diversity action against Hulon Walker, the corporation's president and chief executive officer, asserting state law claims for assault, battery, and intentional infliction of emotional distress based on allegations that during her employment Walker made unwanted sexual advances. After Walker counterclaimed for abuse of process, Reis moved to dismiss her claims without prejudice and Walker's counterclaim for failure to state a claim on which relief can be granted. The

district court[1] granted both motions. Walker appeals the dismissal of his counterclaim. We review a Rule 12(b)(6) dismissal *de novo*, accepting the claimant's allegations of fact as true and affirming "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993) (quotation omitted). We affirm.

Abuse of process under Iowa law is the use of legal process in an improper or unauthorized manner. The second element, which is "difficult to establish," requires at a minimum proof that the defendant "used the legal process *primarily* for an impermissible purpose or illegal motive." Johnson v. Farm Bureau Mut. Ins. Co., 533 N.W.2d 203, 209 (Iowa 1995). Typically, that means a motive to obtain some advantage collateral to the allegedly abusive process. Thus, abuse of process cases usually involve "some form of extortion." Schmidt v. Wilkinson, 340 N.W.2d 282, 284 (Iowa 1983) (quoting Restatement (Second) of Torts § 682 cmt. b). The demand for collateral advantage that evidences an impermissible purpose "may precede the issuance of process and still be actionable, so long as the process does in fact issue at the defendant's behest, and as part of the attempted extortion." Fuller v. Local Union No. 106 of United Bhd. of Carpenters & Joiners, 567 N.W.2d 419, 422 (Iowa 1997) (quotation omitted).

Because Iowa is a notice pleading State, the Supreme Court of Iowa has held that it was error to dismiss an abuse-of-process complaint alleging that defendant "improperly used the civil process against plaintiffs primarily to accomplish purposes for which the civil process was not designed." Schmidt, 340 N.W.2d at 283. Like the complaint in Schmidt, Walker's counterclaim set forth this allegation, almost verbatim. If the complaint had stopped with this notice pleading, it would no doubt

---

[1]The Honorable RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa.

have survived a threshold motion to dismiss. But, again like the complaint in Schmidt, Walker's complaint went on to allege an improper purpose. In Schmidt, plaintiff, a police officer, alleged that defendant sued primarily for the purpose of avoiding criminal prosecution. The Supreme Court of Iowa stated that this "conceivably states a form of extortion." 340 N.W.2d at 285. Here, Walker alleged that Reis "made a financial demand on Care Initiatives in exchange for releasing alleged claims against Care Initiatives and . . . Walker" and then "instituted these proceedings . . . for her stated purpose of coercing a settlement from Care Initiatives." The district court concluded this is not an improper purpose as a matter of Iowa law. We agree.

The Supreme Court of Iowa has repeatedly held that, because settlements are favored, commencing a lawsuit or adding a claim to gain leverage for a settlement, or in the expectation of a settlement, is not an abuse of that process. See Johnson, 533 N.W.2d at 209; Wilson v. Hayes, 464 N.W.2d 250, 267 (Iowa 1990); Brody v. Ruby, 267 N.W.2d 902, 905-06 (Iowa 1978); see also Asay v. Hallmark Cards, Inc., 594 F.2d 692, 695 (8th Cir. 1979). Walker argues that these cases are distinguishable because Reis directed her settlement demand to Care Initiatives, a third party, and "there is no Iowa authority for the proposition that attempting to extort payment from a third party by threatening litigation against another is not abuse of process." That may be literally true. But there is Iowa authority that judicial process is not abusive simply because the settlement being pursued by use of the process includes parties other than the target of that process.

In Wilson v. Hayes, after successfully defending a medical malpractice suit, defendant sued the plaintiff's attorney for abuse of process, alleging that the attorney continued to pursue the malpractice claim on behalf of his client, instead of dismissing the suit, in order to obtain a personal release for the attorney. The attorney of course was a not a party to the malpractice suit. But the Supreme Court of Iowa nonetheless rejected this abuse-of-process claim, concluding that seeking a personal release for the

attorney fell within the rule in its earlier <u>Brody</u> decision that pursuit of settlement is not an abuse of process.  464 N.W.2d at 267.

Here, the district court concluded that, because Care Initiatives was Reis's employer, and because Walker's alleged misconduct was employment related, "it is at least understandable why plaintiff would choose to take her settlement demands directly to Care Initiatives."  We conclude this was a sound application of the Supreme Court of Iowa's decisions in <u>Brody</u> and <u>Wilson</u>.  Reis made a "financial demand" to settle her yet-unasserted claims against both Care Initiatives and Walker.  Settlement of the entire dispute obviously required resolution of all claims.  In these circumstances, it was not an abuse of process to commence a lawsuit asserting her claims against Walker for the purpose of settling the entire dispute, regardless whether the prior settlement demands were directed to Care Initiatives.

Relying on our decision in <u>Asay</u>, 594 F.2d at 695-96, Walker further argues that his counterclaim should not have been dismissed because he also alleged that he has suffered mental anguish and collateral damage to his personal and business reputation.  But these were damage allegations, not allegations of an additional purpose that could satisfy the improper purpose element of the tort of abuse of process.  To assert the theory that Reis commenced the lawsuit for the improper purpose of damaging Walker's reputation would require amending his counterclaim.  Such an amendment was filed in the district court in <u>Asay</u>, 594 F.2d at 694, but not here.  We decline to consider a theory not preserved in the district court.

The judgment of the district court is affirmed.

_____