# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3966

_____

Jonathan Aten,

      Appellant,

v.

Scottsdale Insurance Company,

      Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\*
\*

_____

Submitted: October 5, 2007
Filed: January 8, 2008

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

In this insurance coverage dispute, Jonathan Aten (Aten) appeals the district court's grant of the motion to dismiss filed by Scottsdale Insurance Company (Scottsdale) on the grounds Scottsdale never breached its policy of insurance because Aten's damages either (1) were not a result of a covered occurrence or, alternatively, (2) even if the damages were a result of a covered occurrence, they were properly excluded under the policy's terms. On appeal, Aten asserts the district court erred in (1) granting Scottsdale's motion to dismiss and (2) ruling that damages to Aten's home did not constitute an occurrence under the policy terms.

## I.    BACKGROUND

On March 16, 2004, Aten contracted with Leslie Joe Hanke and Castlerock Construction LLC (Castlerock) to construct a house in St. Paul, Minnesota. Work commenced in April 2004 and was completed before the November 1, 2004 closing of the mortgage on the property. Upon taking possession of the house, Aten discovered a wide variety of defects in the construction of the home. Castlerock also did not pay for certain materials used in the home's construction, requiring Aten to satisfy an $11,035.62 materialman's lien on the house.[1]

In December 2005, Aten commenced an action against Hanke and Castlerock in Ramsey County, Minnesota District Court, seeking to recover damages for the defective construction and the lien Aten was required to satisfy. Neither defendant appeared, and a default judgment was entered against the defendants and in favor of Aten for the $11,035.62 Aten paid to satisfy the lien and for an additional $90,000 "to remedy and correct the defects and deficiencies in the construction of the home." In its findings of fact, the state court found "[t]here was trim missing, exposed sheetrock screws, damaged pieces of sheetrock installed, interior walls that were not plumb, floors that were uneven, gaps between the flooring and the wall/trim, doors off center, door jambs improperly installed, uneven and *cracked floors in the garage and basement, with the basement floor not graded properly towards the drain causing water damage*." (Emphasis added). The court further found the home construction was "inadequate and defective, including but not limited to problems with the basement and garage floors, sheetrock and drainage."

Because neither defendant appeared, Aten had no opportunity to conduct any discovery to find out whether any of the deficiencies or defects were the result of work done by subcontractors, or whether Castlerock caused damage to work done by subcontractors. The state court acknowledged some work was performed by

---

[1]This issue is not part of the action.

subcontractors by noting, "[s]ome of the Plaintiffs complaints, however, deal with cosmetic issues and matters not related to work performed by Castlerock." Because Aten never had the opportunity to discover exactly what work was done by Castlerock and what work was done by subcontractors, Aten could not (1) name in his state court action the specific subcontractors and their failures, if any; or (2) identify the work performed by subcontractors that Castlerock damaged.

On June 6, 2006, Aten commenced the instant action against Scottsdale. Scottsdale had issued a commercial general liability insurance policy (Policy) to Castlerock that was in force during the construction period. Aten alleges Scottsdale is obligated under the Policy to pay the default judgment entered against Castlerock in the state court action, asserting claims for (1) breach of the implied covenant of good faith and fair dealing; (2) breach of contract; and (3) unjust enrichment.

On July 6, 2006, Scottsdale filed a notice of removal in the United States District Court for the District of Minnesota, removing this action to federal court. Scottsdale then filed a motion to dismiss all of the claims, which the district court granted. This appeal follows.

## II.    DISCUSSION

"We review a Rule 12(b)(6) dismissal *de novo*, accepting the claimant's allegations of fact as true and affirming only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Reis v. Walker, 491 F.3d 868, 870 (8th Cir. 2007) (internal quotation and citation omitted).

For there to be coverage under the Policy there must first be an "occurrence." If an occurrence exists, the next step is to determine whether the occurrence resulted in "property damage" or "bodily injury." If property damage or bodily injury resulted, then the insurer must pay the claim unless the losses are otherwise excluded by an

express policy exclusion.  See Donald Malecki and Arthur Flitner, CGL Commercial General Liability 5, 10-11, 24-25 (National Underwriter Company 2005).

An occurrence is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  The policy does not define accident, but Black's Law Dictionary defines accident as "[a]n unforeseen and injurious occurrence not attributable to mistake, neglect, or misconduct."  Black's Law Dictionary 15 (7th ed. 1999).

In O'Shaughnessy v. Smuckler Corp., 543 N.W.2d 99 (Minn. Ct. App. 1996), disapproved on other grounds by Gordon v. Microsoft Corp., 645 N.W.2d 393, 398 n.5 (Minn. 2002) (en banc), the Minnesota Court of Appeals found property damage resulting from construction defects caused by poor workmanship were covered occurrences. Id. at 105.  "We see no reason . . . to treat defective wiring that causes a fire any differently from defective structural supports which cause collapsing of portions of a floor and cracking in both the floors and walls of a house.  The damage in both cases is real and substantial as well as being the accidental result of defective workmanship."  Id.  Just as the partial floor collapse and cracking of floors and walls caused by defective structural supports in O'Shaughnessy constituted a covered occurrence, so would Aten's water damage to other property resulting from an improperly poured and graded basement floor which caused water to flow away from a floor drain.

Having found an occurrence alleged with resulting property damage, the next step is to determine if the resulting claim is otherwise excluded by an express policy exclusion.  Scottsdale asserts the claim should be excluded under the "Your Work" exclusion which excludes from coverage "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products completed operations hazard.'" While Aten agrees the "Your Work" exclusion applies, Aten asserts an exception to the exclusion also applies, which exception states "[t]his exclusion does not apply if

the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." Under this "exception to the exclusion," if Aten's defective basement floor, or any work that was water damaged because of the defective basement floor, was constructed by a subcontractor, then this exception to the exclusion would apply and Scottsdale must pay that portion of the claim.

Here, the state court's default judgment specifically found "cracked floors in the . . . basement, with the basement floor not graded properly towards the drain causing water damage." The state court further noted "[s]ome of the plaintiff's complaints, however, deal with cosmetic issues and matters not related to work performed by Castlerock," thereby acknowledging some work was performed by others. Thus, the facts could support a compensable claim if discovery establishes either (1) the basement floor was poured or leveled by a subcontractor, or (2) the work which suffered water damage because of the improperly graded basement floor was work done by a subcontractor.

Because relief may be appropriate under a "set of facts that could be proved consistent with the allegations," Reis, 491 F.3d at 870, we find Scottsdale's motion to dismiss was improvidently granted. Therefore, we reverse the decision of the district court granting Scottsdale's motion to dismiss, and we remand to allow Aten to conduct limited discovery regarding whether subcontractors poured or leveled the basement floor or performed the work which suffered water damage as a result of the improperly graded basement floor.

## III. CONCLUSION

For the foregoing reasons, we reverse and remand for further proceedings in accordance with this decision.

_____