# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3137

_____

Jarrod D. Majors,                       *

                               *

        Appellant,            *

                               *

      v.                        *    Appeal from the United States

                               *    District Court for the

John Baldwin; John Fayram; Mark  *    Northern District of Iowa.

Doll; Lary Winders; Steve LeClere;  *

Judy Meyer; Scott J. Idleman; Dr.   *     [UNPUBLISHED]

David Richtor; Jeffrey S. Thompson;  *

All Other Unnamed Doctors, Nurses,  *

and Other Medical Staff at Anamosa  *

State Penitentiary,              *

                               *

        Appellees.           *

_____

Submitted: March 5, 2012
Filed: March 8, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Jarrod Majors appeals the preservice dismissal of his 42 U.S.C. § 1983 and state-law complaint claiming negligent maintenance of stairs on which he fell, and deliberate indifference to his resulting serious medical needs. After de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we

conclude that Majors failed to state a section 1983 claim as to the named defendants, because he did not allege that any of them actually knew of the failure to treat his pain, and he did not identify anyone responsible for the delay in his treatment.  See Nelson v. Shuffman, 603 F.3d 439, 448 (8th Cir. 2010) (for deliberate-indifference claim, inmate must show he suffered objectively serious medical need that prison officials actually knew of but deliberately disregarded); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (§ 1983 claimant must allege facts supporting individual defendant's personal involvement or responsibility for unconstitutional action).

We further conclude, however, that Majors did state a deliberate-indifference claim against some "unnamed" defendants (who it appears could be identified) by alleging that they withheld prescribed pain medication and did not provide adequate post-operative treatment.  See Jones v. Minn. Dep't of Corr., 512 F.3d 478, 481-83 (8th Cir. 2008) (objectively serious medical need either is something diagnosed by physician as requiring treatment, or is so obvious that layperson would easily recognize need for doctor attention; injury is considered obvious where prisoner exhibited physical symptoms relating to known medical issues or complaints of pain; prison official's knowledge may be inferred by circumstantial evidence or fact that risk was obvious); see also Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (preservice dismissal for failure to identify defendant by name is improper where complaint provides specific information making identification after discovery likely).

Accordingly, we affirm the dismissal of the section 1983 claims against the named defendants; and we remand for further consideration of the claims against the unnamed defendants, as well as the state-law negligence claims, see 28 U.S.C. § 1367(a).  We note that on remand Majors may renew his motion for appointment of counsel; and he may amend his complaint, see Fed. R. Civ. P. 15(a).

———————————————