NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014[*]
Decided February 10, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2657

| | |
|---|---|
| DAVID W. HARRIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 12-CV-481 |
| BRETT HUSTON, et al., | |
| *Defendants-Appellees.* | Lynn Adelman, |
| | *Judge.* |

**O R D E R**

David Harris appeals from the dismissal of his civil-rights suit at screening. *See* 28 U.S.C. § 1915A. We affirm.

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

Harris was convicted by a jury of possessing with the intent to distribute cocaine, *see* 21 U.S.C. § 841(a)(1). In affirming his conviction, we rejected Harris's argument that the district court wrongly denied his motion to suppress evidence after police had stopped his car for not displaying a front license plate (Harris had argued that no such requirement exists in Arkansas, where his car was registered). *United States v. Harris,* 585 F.3d 394 (7th Cir. 2009). We agreed with the district court, which had conducted an evidentiary hearing, that an informant's tip that Harris had cocaine in his car provided independent probable cause for police to stop and search the car. *See id.* at 401–02.

Harris brought this suit under 42 U.S.C. § 1983 against five Milwaukee police officers and the municipalities of Milwaukee and Greenfield, Wisconsin, alleging that the stop of his vehicle and his subsequent arrest and imprisonment violated the fourth amendment. In particular, he alleged (1) that his car was wrongfully stopped without probable cause for missing a front license plate; (2) that he was falsely arrested and imprisoned based on that illegal stop; and (3) that the police used unreasonable force by pointing their guns at him during the stop even though he was unarmed.

The district court screened Harris's civil complaint and dismissed it for failure to state a claim. Noting Harris's underlying criminal case, the court concluded that the law of preclusion barred him from relitigating the issue of the traffic stop and subsequent search of the vehicle. The court next dismissed Harris's claim of unreasonable force, concluding that the officers were justified in approaching the vehicle with weapons drawn based on their probable cause to believe that the persons in the car were delivering large quantities of cocaine, as had been conclusively determined already. *See United States v. Bullock,* 632 F.3d 1004, 1016 (7th Cir. 2011); *United States v. Askew,* 403 F.3d 496, 508 (7th Cir. 2005).

Harris moved to amend the judgment, *see* FED. R. CIV. P. 59(e), arguing that the court wrongly applied issue preclusion because the defendants in this action were not parties in his criminal case. The court denied Harris's motion, explaining that issue preclusion does not require that the parties in both proceedings be identical.

Harris appeals, contesting only the district court's application of issue preclusion. He asserts that the issue he raised in his § 1983 complaint—that the police illegally stopped his car for failing to display a front license plate—differs from the issue litigated in his criminal case—whether the police had probable cause to believe that the car contained contraband or evidence of criminal activity.

We agree with the district court that the doctrine of issue preclusion blocks further litigation over the stop and search of Harris's car. "Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Dexia Crédit Local v. Rogan,* 629 F.3d 612, 628 (7th Cir. 2010); *Bailey v. Andrews,* 811 F.2d 366, 369 (7th Cir. 1987). Accordingly, a § 1983 plaintiff can be collaterally estopped from relitigating fourth amendment claims that were lost at a criminal suppression hearing. *See Allen v. McCurry,* 449 U.S. 90, 103–05 (1980); *Guenther v. Holmgreen,* 738 F.2d 879, 883–84 (7th Cir. 1984); *see also Munz v. Parr,* 972 F.2d 971, 973 (8th Cir. 1992); *Valley Wood Preserving, Inc. v. Paul,* 785 F.2d 751, 753 (9th Cir. 1986). Here, the precise issue in question—whether the traffic stop and search of Harris's car violated the fourth amendment—was actually litigated and necessarily decided in the underlying criminal case. After an evidentiary hearing and post-hearing briefing, the district court denied Harris's motion to suppress because the police had independent probable cause to stop and search the car for drugs based on a tip from a confidential informant. That ruling was essential to Harris's criminal case because his conviction arose from the cocaine found in the car after the stop. Thus, Harris's fourth amendment claim about the traffic stop was essential to, and actually litigated in, his criminal proceeding, in which he was fully represented, and so he is estopped from relitigating that issue now. And though issue preclusion is an affirmative defense, *see* FED. R. CIV. P. 8(c), a court may raise it *sua sponte,* as here, if it is plainly apparent from the face of the complaint. *Turley v. Gaetz,* 625 F.3d 1005 (7th Cir. 2010); *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

**AFFIRMED**.