Stephen C. SCHIFF, Appellant,

v.

Jane KENNEDY,

and

John Doe, and persons unknown, Appellees.

No. 81–2162.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1982.

Decided Oct. 19, 1982.

Jean Marshall Crawford, Alexandria, Va. (Yvonne F. Weight, Weight, Finch & Chamowitz, Alexandria, Va., on brief), for appellant.

Robert Bleakley James, Jr., Washington, D.C., for appellees.

Before WIDENER and SPROUSE, Circuit Judges, and KISER, District Judge.*

WIDENER, Circuit Judge:

Stephen Schiff brought this action against his former wife and an unidentified third party, John Doe, for violations of the Federal Wiretap Statute, 18 U.S.C. § 2520. The district court dismissed the action against both defendants, concluding that the action against the former wife was barred by the divorce settlement, that the action was res judicata as to the former wife and possibly against Doe, because of an earlier state court proceeding, and finally that this court does not allow John Doe suits. We affirm the judgment in favor of the former wife, but remand with instructions that any dismissal of the action against John Doe be without prejudice.

Defendant Jane Kennedy does not deny that during the latter part of her marriage to the plaintiff she placed a tap on the family telephone. Furthermore, she admitted in a deposition during the divorce proceeding that an unidentified third party assisted her with the tapping. Nevertheless, she has refused to disclose the identity of the third party, instead asserting her fifth amendment privilege against self-incrimination.

■ As part of the divorce agreement, the parties provided:

> 7. MUTUAL RELEASE. Insofar as he may do so under the Terms of § 8.01–35.1 of the Virginia Code as amended, the husband agrees to release any and all claims both civil and criminal he may have against the wife. The husband specifically reserves any rights and claims he may have against any third party or joint tortfeasor pursuant to § 19.2–62 of the Code of Virginia.

The plaintiff now argues that this release was obtained fraudulently or through mutual mistake of fact because he understood defendant Kennedy would identify John Doe. The district court nevertheless found that the release was effective and barred the present suit. We agree as there is no basis for concluding that there was a collateral agreement for Kennedy to reveal Doe's identity.

■ Following the divorce settlement, plaintiff brought an action in Fairfax County Circuit Court against John Doe for violation of the Virginia Wiretap Statute, Va. Code § 19.2–62. The suit was dismissed because the circuit court was "without jurisdiction." The district court below concluded that, because the federal and state wiretap statutes were similar, the state court's disposition of the case barred the present suit under principles of res judicata. While it is not absolutely clear that the dismissal on the ground of res judicata was meant to apply to Doe, we think the state court action was not res judicata on the merits of the claim presented here, Wright, Miller and Cooper, *Federal Practice and Procedure,* § 4432 (1981), because it was for lack of jurisdiction.

Another reason for dismissing John Doe was the district court's holding that this court does not recognize John Doe suits. The basis for the conclusion apparently was such cases as *Johnson v. General Motors Corp.,* 242 F.Supp. 778 (E.D. Va. 1965), where the court refused to allow a diversity suit to proceed because the domicile of the John Doe defendant, and thus the existence of diversity between the parties, was unknown. Because the present suit is in federal court under federal question jurisdiction, 28 U.S.C. § 1331, concerns of diversity are not present. See 2A *Moore's Federal Practice,* § 8.10 at p. 8–74 to 75 (1982).

■ The district court did not follow the cases where courts have allowed actions to proceed against real, but unidentified, defendants. E.g., *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Maclin v. Paulson,* 627 F.2d 83 (7th Cir. 1980). Because it appears that John Doe was an actual person, it was

* Honorable Jackson L. Kiser, United States District Court for the Western District of Virginia, sitting by designation.

error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted.

While we recognize the necessity for allowing John Doe suits in the federal courts, we are not unaware of the right of the district court to manage its docket and the danger of permitting suits with unnamed parties to remain on the docket unprosecuted. Thus, if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court,[1] the court could dismiss the action without prejudice. In the present action, so far as we now know, the identity of John Doe apparently is known only to defendant Kennedy. As noted above, she has invoked the fifth amendment privilege against self-incrimination in refusing to identify him. A federal magistrate has ruled that Kennedy was justified in invoking the privilege, but the district court has not.

So as to obviate the need for Kennedy to invoke the privilege, the plaintiff has obtained a pledge of immunity for prosecution of Kennedy under the Virginia Wiretap Statute from the Fairfax County Commonwealth Attorney's office. The plaintiff claims that a similar pledge of transactional immunity is forthcoming from the United States Attorney for criminal prosecution under the federal statute. We do not know that these measures will necessarily eliminate Kennedy's reasons for claiming the privilege. First, we are not sure that the federal immunity procedure proposed by the plaintiff will give transactional immunity to Kennedy under 18 U.S.C. § 6002, 6003. See *United States v. Society of Independent Gasoline Marketers,* 624 F.2d 461, 474 (4th Cir. 1979). Furthermore, even if it does, we are unsure when, if ever, the immunity will be available. Following oral argument, the United States Attorney apparently declined to reply, absent court order, to an inquiry from the plaintiff's attorney as to the

progress of any immunity sought. We do not think we should require the district court to leave a case on the docket awaiting some future event which may never happen.

On the other hand, there may be problems with statutes of limitation which are not before us and the facts concerning which are not readily apparent. There is also the question of the proposed immunity of Jane Kennedy; whether or not it exists, and to what extent. The district court is in a better position than are we to make rulings on both of these problems and to ascertain the extent thereof.

Accordingly, we affirm the judgment in favor of Jane Kennedy. We vacate the judgment against John Doe and remand the case against Doe to the district court for such further action as it may deem appropriate. We might have simply required the district court to amend its order of dismissal in favor of Doe so that the order would be without prejudice, but, as just above noted, the district court is in a better position than we now are to ascertain what treatment should be given, and when, to the problems of statutes of limitation and immunity, and to ascertain whether the case against Doe should be now permitted to proceed or whether the case at this stage should be terminated. Should the district court persist in its dismissal of Doe without further proceedings, the dismissal will be without prejudice.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.

---

1. See *Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir. 1980). In *Bivens,* for example, the unknown agents were not named in the petitioner's complaint so the district court ordered that the complaint be served upon "those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the [petitioner]." 403 U.S. at 390, n. 2, 91 S.Ct. at 2001, n. 2.