772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DOUGLAS McARTHUR YATES, PLAINTIFF-APPELLANT,
v.
TONY YOUNG, WARDEN, F.C.I. MEMPHIS CAPTAIN OF GUARDS AND
I.D.C., DEFENDANTS-APPELLEES.
 NOS. 84-5586, 85-5701
 United States Court of Appeals, Sixth Circuit.
 8/28/85
 
 W.D.Tenn.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED
 ORDER
 BEFORE: JONES and CONTIE, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 Yates appeals from the order dismissing his pro se civil rights action in No. 84-5586 and the summary judgment for respondent in his habeas corpus action in No. 84-5701. The appeals were consolidated by order of this Court on August 3, 1984. The appeals have been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and records, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In No. 84-5701, a habeas corpus action under 28 U.S.C. Sec. 2241, Yates alleged that he had been denied due process in a prison disciplinary proceeding on April 20, 1983, in which he was found guilty of attempted possession of a sharpened instrument. He claims he was found guilty of misconduct that was not charged in the incident report and the evidence did not support the guilty finding. Although prisoners have due process rights in disciplinary proceedings which could result in loss of good time credits, see Wolff v. McDonnell, 418 U.S. 539 (1974), Young has not shown that he was deprived of his due process rights. First, the incident report and Notice of Institution Discipline Committee Hearing attached to respondent's motion for summary judgment demonstrate that Yates was notified of the charge at least two days before the hearing. Although the stated charge was possession of a sharpened instrument, plaintiff was notified that the charge was based on the discovery of this weapon in his cell. Attempting an offense is considered to be the same as commission of the offense itself. See 28 C.F.R. Sec. 541.13(b). Second, the guilty finding was supported by sufficient evidence. See Superintendent, Massachusetts Correctional Institution v. Hill, ---- U.S. ----, 105 S.Ct. 2768 (1985). Since Yates was not denied his due process rights in the April 20, 1983, disciplinary proceedings, the district court's summary judgment for respondent in No. 84-5701 is affirmed.
 
 
 3
 In No. 84-5586, the district court dismissed Yates's civil rights action as frivolous under 28 U.S.C. Sec. 1915(d) before defendants had been served with process. The district court held that defendant Tony Young could not be liable on a respondeat superior basis, and the action could not proceed against an unknown defendant. We find that the district court properly dismissed the action against Warden Tony Young since Yates did not allege Young's personal involvement in the events forming the basis of the complaint. See Preston v. Smith, 750 F.2d 530 (6th Cir. 1984); Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 156 (1984). We affirm that portion of the judgment dismissing the action against Warden Tony Young. However, the district court improperly dismissed the remainder of the complaint. Although designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. See Schiff v. Kennedy, 691 F.2d 196 (4th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); Maclin v. Paulson, 627 F.2d 83 (7th Cir. 1980). In this case, plaintiff identified the unknown defendant as the Guards Captain of the I.D.C., a real person whose identity could be discovered. Therefore, we reverse the dismissal of the complaint.
 
 
 4
 Accordingly, it is ORDERED that the district court's judgment in No. 84-5701 is affirmed. Sixth Circuit Rule 9(d)(3). The district court's judgment in No. 84-5586 is affirmed in part, reversed in part and remanded for further proceedings. Sixth Circuit Rules 9(d)(3), (4).