**LOCAL ACCEPTANCE CO. OF FLORIDA, Plaintiff,**

v.

**John DOE, Jane Doe, et al., Defendants.**

No. 97–0656–CIV.

United States District Court, S.D. Florida.

April 16, 1997.

Martin Steinberg, Miami, FL, for Plaintiff.

### *ORDER DISMISSING AMENDED COMPLAINT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court sua sponte. Plaintiff, Local Acceptance Co. of Florida, filed an Amended Complaint on April 2, 1997. No pleading or other paper has been filed by any Defendant, as no Defendant is identified and none has been served.

The facts stated in the Amended complaint, which seeks to invoke federal question jurisdiction predicated on the Robinson–Patman Act of 1936, 15 U.S.C. § 13–13b & 21a (West 1973 & Supp.1996), are as brief as they are vague. Plaintiff, a company specializing in financing used-car loans, alleges a conspiracy to induce it to finance loans it would not make absent fraudulently submitted documents. Just who is engaging in this conspiracy poses something of a mystery, however. Plaintiff does not know the conspirators'

identities, only that some of its own employees (unidentified) are in cahoots with third parties (also unidentified) to obtain loan financing through the submission to Plaintiff of fraudulent documents (which also are unidentified) Thus the need, Plaintiff states, for the so-called John Doe lawsuit.

> Plaintiff must utilize the limited discovery offered in a "John Doe" lawsuit in order to obtain evidence from bank accounts and similar source of the payments of gratuities to LAC employees, so that plaintiff can identify the proper defendant, amend its suit and sue the appropriate party.

(Pl.'s Am. Compl. ¶ 9.)

Stated more bluntly, what Plaintiff proposes to do is to use the arsenal of discovery weapons available to parties to a lawsuit to gain access to the personal bank accounts of its employees and other persons it suspects in the conspiracy. Such prodigious power, which includes prominently the power to compel any person to answer questions at a deposition and to produce otherwise confidential records, should not be granted lightly.

The Court finds that the Amended Complaint suffers from the same deficiency as the original Complaint, which also named as Defendants only the fictitious "John Doe, Jane Doe, et al." By Order filed March 21, 1997, this Court dismissed the original Complaint, stating that it "fails to name a Defendant capable of being served and fails to cite any authority for filing such a complaint."

The Amended Complaint attempts to remedy the second failing, citing several cases in which courts permitted plaintiffs to file John Doe lawsuits. None of those cases, or any other found by the Court in researching the issue, persuades the Court to allow the lawsuit, as it is currently styled, to go forward.

Although Plaintiff cites one case as *Bivens v. Six Unknown Named Agents*, (Pl.'s Am. Compl. ¶ 2), the full style of the case is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The

difference in in the case name highlights the difference between *Bivens* and the case sub judice. Whereas in *Bivens* there presumably existed an entity upon which process could be served, namely the U.S. Attorney for the district in which the action was brought, *see* Fed.R.Civ.P. 4(i)(1) & (2) (replacing, in 1993, Fed.R.Civ.P. 4(d)(4) & (5)) (stating method by which service shall be perfected when suing "an officer, agency, or corporation of the United States"), no much entity or person exists in the instant case.[1] Tellingly, because the names of the agents were *known to the Government*, the district court in *Bivens* "ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the [petitioner].'" *Bivens*, 403 U.S. at 390 n. 2, 91 S.Ct. at 2001 n. 2 (alteration in original).

Moreover, the Bivens plaintiff's complaint alleged specific facts relating to the identities of the unknown agents. The appeals court states in relevant part:

> Plaintiff Webster Bivens in his complaint, filed pro se, alleges that six federal agents entered his apartment on November 26, 1965 without a search or arrest warrant. After conducting a search of the apartment the agents arrested plaintiff for a violation of the narcotics laws and placed him in manacles in the presence of his wife and children.

*Bivens*, 409 F.2d 718, 719 (2d Cir.1969), *rev'd*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In its summary of the facts, the Supreme Court states in relevant part:

> Petitioner's complaint alleged that on that day respondents, agents of the Federal Bureau of Narcotics acting under claim of federal authority, entered his apartment and arrested him for alleged narcotics violations. The agents manacled petitioner in front of his wife and children, and threatened to arrest the entire family. They searched the apartment from stem to stern. Thereafter, petitioner was taken to the federal courthouse in Brooklyn, where

---

1. Conformity with the rules is, of course, of great significance, in that the purpose of serving process (specifically, a summons and a copy of the complaint) is to put a party on notice that it is being sued and that it must respond lest it be held liable by default.

he was interrogated, booked, and subjected to a visual strip search.

*Bivens,* 403 U.S. 388, 389, 91 S.Ct. 1999, 2001, 29 L.Ed.2d 619 (1971).

Thus, Mr. Bivens alleged the date on which the wrongdoing occurred, the agency involved, the number of agents participating, the specific unlawful conduct allegedly engaged in, and the presence of identifiable witnesses. In other words, the *Bivens* complaint did not serve as a casting off point for a fishing expedition. By contrast, Plaintiff in the instant case offers no time frame, let alone specific dates, within which the wrongdoing occurred, no pinpointing of the number of people involved, no identification of the specific documents believed to have been fraudulently submitted, no identification of the specific loans believed to have been fraudulently induced, and no description of any particular act of wrongdoing.

Similarly, in *Munz v. Parr,* 758 F.2d 1254 (8th Cir.1985), the appeals court reversed dismissal of a claim against a John Doe police officer where Doe, along with four named police officers, went to plaintiff's home on a specified date and searched the home pursuant to a warrant. In the course of arresting plaintiff, "Doe grasped plaintiff's handcuffs by the chain, lifted his arms upward and inflicted 'excruciating pain' to Munz's arms and wrists. *With these specifics, it is quite likely, as Munz alleged, that Officer Doe is capable of being identified." Id.* at 1257 (emphasis added.)

As for *Schiff v. Kennedy,* 691 F.2d 196, 197–98 (4th Cir.1982), in which the appeals court reversed dismissal of a claim against a John Doe defendant, this Court finds too vague to follow the holding that "[b]ecause it appears that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted." *See also Martin Brothers International, Inc., v. John Doe,* No. 90–723, slip op. (S.D.Fla. Aor.16, 1990) (relying on *Schiff).*

Query: When is a John Doe defendant ever not "an actual person"? And what are the "appropriate circumstances"? The first question seems rhetorical—the answer is never, unless the complaint clearly constitutes the figment of some plaintiff's imagination. The answer to the second question, as rendered in *Schiff,* provides scant guidance as a general rule. The court states, "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." *Schiff,* 691 F.2d at 198 (footnote omitted). That statement suggests two, albeit unfocused, inquiries a court should make. First, Can the unnamed party's identity be discovered through discovery? And second, Can the unnamed party's identity be discovered through intervention of the court? [2]

In *Schiff,* an ex-husband sued his ex-wife and a John Doe third party for wiretapping his phone. The ex-wife had previously admitted, in a deposition taken during the couple's earlier divorce proceeding, that the third party had helped her tap the phone. *Id.* The court knew that the ex-wife knew John Doe's identity.

Thus, in the cases on which Plaintiff relies for support, the Doe defendant was known to other parties named in or otherwise deeply involved in the lawsuit. No such circumstances exist here.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's Amended Complaint be and is hereby DISMISSED WITH PREJUDICE.

DONE and ORDERED.

---

2. The footnote omitted in the quotation from *Schiff,* supra, related to a court's intervention. It cited *Bivens* for the Supreme Court's footnote No. 2. *See* discussion supra after note 1.