UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAULINUS CHIDI NJOKU,
Plaintiff-Appellant,

v.

UNKNOWN SPECIAL UNIT STAFF,

Special Housing Unit; JOHN FINELLO,
Warden of FCI-Estill; JOHN AND
JANE DOE, 1-5,
Defendants-Appellees.

No. 99-7644

Appeal from the United States District Court
for the District of South Carolina, at Greenwood.
Patrick Michael Duffy, District Judge;
Leonard D. Wexler, Senior District Judge,
sitting by designation.
(CA-96-300-9-23AJ)

Submitted: June 20, 2000

Decided: July 7, 2000

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Vacated and remanded in part and affirmed in part by unpublished per
curiam opinion.

_____

**COUNSEL**

Paulinus Chidi Njoku, Appellant Pro Se. Barbara Murcier Bowens,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paulinus Chidi Njoku appeals the district court's order awarding him a judgment of $60,000 against five unnamed John Doe defendants and dismissing the action as to an entity identified as the "Unknown Special Housing Unit Staff" in Njoku's action filed pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On appeal, Njoku asks this court for an order affirming the judgment against the John Doe defendants and compelling them to pay the $60,000 award. Njoku also claims that the district court erred in dismissing the Unknown Special Housing Unit Staff.

First, we note that John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted); see also Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Based on the above caselaw, we find that there is no basis to permit a judgment against an unidentified John Doe defendant to be sustained. We therefore vacate the district court's order as to the $60,000 award against the five unnamed John Doe defendants and remand with instructions for the court to afford Njoku a reasonable opportunity to properly identify these defendants and for further proceedings as appropriate. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978).[1]

_____

**1** We express no opinion as to whether Njoku will be able to meet the requirements of Fed. R. Civ. P. 15(c) in order to amend his pleadings to include the identified John Doe defendants.

We affirm the district court's order as to the dismissal of the entity described as the Unknown Special Housing Unit Staff. Assuming that Njoku's action against this defendant was intended to be a lawsuit against the United States or an agency thereof, the district court correctly concluded that sovereign immunity bars such an action. <u>See</u> <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 475 (1994).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED IN PART</u>,
<u>AFFIRMED IN PART</u>

3