**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3124
_____

GARFIELD DAVIS,

Appellant

v.

MANAGEMENT

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-CV-18301)
District Judge: Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 14, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: April 19, 2022)

_____

———————

OPINION[*]

———————

PER CURIAM

Garfield Davis, proceeding pro se, appeals from an order of the District Court dismissing his civil action with prejudice. For the following reasons, we will vacate the District Court's judgment and remand for further proceedings.

In his first complaint, which was amended prior to the District Court acting on it, Davis named as defendants "Manag[e]ment[,] et al." ECF No. 3, at 1. He alleged that he was a "[b]lack senior citizen" and the victim of racial discrimination. Id. He claimed that it was the "[l]ong-standing [p]olicy and [p]ractice of those of Management . . . to allow a management official" to charge persons of color higher rent than was specified in their rental lease agreements, in violation of their Fourteenth Amendment rights. Id. After screening the complaint pursuant to 28 U.S.C. § 1915A, the District Court sua sponte dismissed it without prejudice and with leave to amend for failure comply with Fed. R. Civ. P. 8. ECF No. 4. The Court noted that an exhibit attached to the complaint identified the property management company as "Essex Plaza Co," but found that the complaint failed to identify a defendant. The District Court concluded that it therefore could not determine whether the complaint provided sufficient notice to "defendant(s)," stated a cause of action, or provided a basis for jurisdiction, as required by Rule 8(a). Id. at 3–4.

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Davis filed a second amended complaint alleging similar facts—that a management official acted under color of state law and pursuant to management policy and practice when he singled Davis out because of his race and required him either to pay a higher rent or face eviction. ECF No. 6, at 1–3. Davis asserted that the management staff's "names are not known but through a discovery can be found out." Id. at 2. The District Court again dismissed the complaint without prejudice under Rule 8(a), finding that it failed to remedy the deficiencies of the first complaint and identify a defendant. It provided Davis an opportunity to file "a third and final amended complaint." ECF No. 10.

In his third amended complaint, Davis alleged that "Management Staff Member Mr. Quin King" singled him out because of his race and required him to pay $244 in rent, instead of the $220 rent required by his lease, or face eviction. ECF No. 11, at 1–2. Davis asserted that he was "subjected to discrimination . . . while participating in a federally assisted housing program" which would not have occurred had "the management staff and its supervisory staff . . . been properly trained." Id. at 3–4. The District Court noted that Davis identified King as part of the Management staff and as someone "to whom the alleged discrimination can be attributed," but it emphasized that he had only listed "Management" as a defendant. ECF No. 14, at 3. The District Court, concluding that the complaint did not cure the deficiencies, dismissed it with prejudice for failure to pass muster under Rule 8 and closed the case. Davis timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to comply with Rule 8 for abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). To survive dismissal, the complaint "must not be so

3

undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quotation marks and citation omitted).

Upon review, we disagree with the District Court that Davis's pleadings, when liberally construed, fail to substantially comply with Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (recognizing that "a court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training"). "Rule 8 imposes minimal burdens on the plaintiff at the pleading stage," requiring only "a short and plain statement" of the claims and the grounds for jurisdiction. Id. Its purpose is to ensure that pleadings include the requisite who, what, and why, that is, to "give the *defendant* fair notice of *what* the plaintiff's claim is and the *grounds* upon which it rests." Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (internal quotation marks omitted and emphasis added).

As to the "who," the pleadings must "identif[y] discrete defendants." Garrett, 938 F.3d at 93. In his third amended complaint, Davis specifically stated that he was "bring[ing] this action against Management[,] a private entity." ECF No. 11, at 5. Far from being "unidentified and vague," as the District Court found, the intended defendant is identifiable by the pleadings as Essex Plaza Management Associates (EPMA) or one of its affiliates. See Fed. R. Civ. P. 10(c) (providing that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes"); see also Yeseta v. Baima, 837 F.2d 380, 383 (9th Cir. 1988) (recognizing that the failure to list a defendant in the caption is not fatal

4

where the allegations in the body of the complaint sufficiently identify the party).

For example, the exhibits indicate that Davis rented a unit in "Essex Plaza I," a property managed by "Essex Plaza Co," for which he received Section 8 rent subsidies from the U.S. Department of Housing and Urban Development (HUD). See ECF No. 12, at 14-16, 24. Also, the exhibits include "Lease Amendment[s]" from the "Property Manager—Essex Plaza Co" advising Davis of adjustments to his monthly rent, a "Resident Ledger" from "Essex Plaza Co" listing his rental payments, a "Lease Addendum" identifying his landlord as "Essex Plaza I," and a "Notice to Quit and Notice of Rent Increase to Market Rent" from the Manager of Essex Plaza I on EPMA's letterhead. See id. at 15-16, 23. Moreover, Davis provided a handwritten "Summons . . . against Management of 1060 Broad St. 07102," see ECF No. 3-2, at 10, and requested that the Court direct service on the defendant at that address, see ECF Nos. 11, at 3–4, which is both his mailing address and the address listed for Essex Plaza Co, Essex Plaza I, and EPMA. See Nos. 3-2, at 5; 12, at 22–23. To the extent that it is unclear which "Essex" entity is the proper defendant, Davis should have been given the opportunity he requested to identify it through discovery. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (recognizing that "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention"); accord Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982).

As to the "what" and "why," Davis plainly alleged that the "Management" of his rental property, through its staff, discriminated against him on the basis of race in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, which provides that "[n]o person in the United States shall, on the ground of race . . . be excluded from participation in, be denied

5

the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." ECF No. 11, at 4–5. These allegations provide a basis for federal question jurisdiction and are sufficient to put the Essex defendant on notice of a claim against it.[1] The District Court therefore abused its discretion in dismissing the complaint for failure to comply with Rule 8.[2]

Based on the foregoing, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.  In so doing, we express no opinion as to whether Davis's claims may be otherwise subject to dismissal, including under Fed. R. Civ. P. 12(b)(6).

---

[1] Notably, Davis filed an August 2020 letter from counsel for his "landlord, Essex Plaza I," acknowledging a complaint Davis filed concerning his rent increase as well as the complaint he "attempted to file . . . in Federal Court," but which, as of that date, "ha[d] not been docketed or served." See ECF No. 12, at 19–20.

[2] We find no support for Davis's claim on appeal that the District Court judge discriminated against him on account of his race.