# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2049

_____

LaVern Thomas Cota,                      *
                                         *
    Plaintiff - Appellant,               *
                                         *    Appeal from the United States
v.                                       *    District Court for the
                                         *    District of Minnesota
Daniel Chapa; Stan Leach; Minnesota      *
Bureau of Criminal Apprehension,         *        **[UNPUBLISHED]**
                                         *
    Defendants - Appellees.              *

_____

Submitted:  December 15, 2000

Filed:  February 2, 2001

_____

Before LOKEN and MAGILL, Circuit Judges, and BATTEY,* District Judge.

_____

PER CURIAM.

    In December 1996, Lavern Thomas Cota was arrested pursuant to a criminal complaint charging Cota and three others with a 1989 robbery and murder in rural Polk County, Minnesota. The state court denied Cota's motion to dismiss the complaint for lack of probable cause after a hearing in January 1997. A superseding indictment was issued in late February 1997; the state court denied Cota's motion to dismiss the

---

    *The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

indictment for lack of probable cause in October. Trial commenced in February 1998. The court denied Cota's motion for acquittal at the close of the State's evidence. The jury acquitted him on all counts. Cota then brought this civil action against a Polk County Deputy Sheriff, an Agent of the Minnesota Bureau of Criminal Apprehension, and the Bureau, alleging federal claims under 42 U.S.C. § 1983 and numerous claims under state law. The district court[1] granted defendants' motion for summary judgment dismissing all claims. Cota appeals the dismissal of two § 1983 claims -- that he was arrested without probable cause, and that he was subjected to unconstitutional post-arrest interrogation.

The district court dismissed Cota's Fourth Amendment claim of arrest without probable cause on the ground that "collateral estoppel bars plaintiff from challenging the state court's findings with regard to the sufficiency of the evidence used to support probable cause for his arrest." See generally Allen v. McCurry, 449 U.S. 90, 104-05 (1980). On appeal, Cota argues that he is challenging the "integrity" of the evidence supporting probable cause, not the sufficiency of that evidence. But his discussion of the issue belies that contention. After careful review of the sparce record on appeal, we affirm the district court's dismissal of this claim for the reasons stated in that court's Memorandum Opinion and Order. See 8th Cir. Rule 47B.

The district court dismissed Cota's § 1983 claim challenging his post-arrest interrogation on the ground that "the only remedy for a Miranda violation is the exclusion from evidence of any compelled testimony arising therefrom." That is clearly the law of this Circuit. See Warren v. City of Lincoln, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc). To avoid that ruling, Cota argues on appeal that the interrogation violated his Sixth Amendment rights because those rights had "attached" under Michigan v. Jackson, 475 U.S. 625, 629-30 (1986), and that his due process rights

---

[1]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

were violated by the unconstitutionally coercive interrogation.  The district court observed that Cota, though represented by counsel, had failed to articulate which of his constitutional rights had been violated.  Thus, his new contentions on appeal were not properly presented to the district court.  In addition, the record on appeal does not support his conclusory assertions of a Sixth Amendment violation or the use of unconstitutionally coercive interrogation methods.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.