# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1752

_____

| | |
|---|---|
| W.F.M., Inc.; | * |
| | * |
| Plaintiff/Appellant, | * |
| | * |
| John Does; Jane Does, | * |
| | *   Appeal from the United States |
| Plaintiffs, | *   District Court for the District |
| | *   of Nebraska. |
| v. | * |
| | * |
| Cherry County, Nebraska; | * |
| James Van Winkle; Zale | * |
| Quible; William Ward; | * |
| Lila Churchill; Lawrence Turner, | * |
| | * |
| Defendants/Appellees. | * |

_____

Submitted: November 16, 2001

Filed: February 8, 2002

_____

Before BYE, and BEAM, Circuit Judges, and GOLDBERG,[1] Judge.

_____

BEAM, Circuit Judge.

_____

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Plaintiff-appellant W.F.M., Inc. (WFM) appeals the district court's[2] dismissal of this action.  We affirm.

## I.    BACKGROUND

WFM is a Nebraska corporation which is the trustee for several trusts, including the Evergreen Trust.  The Evergreen Trust was assessed with personal property tax in Cherry County, Nebraska.  WFM refused to pay because it argued the Cherry County Treasurer had "struck" the taxes from the tax rolls in 1994.  Apparently the county treasurer erroneously included WFM's taxes on an annually-prepared list of taxes to be stricken, simply because there had been no activity for some time on previously-issued distress warrants (devices used to collect personal property taxes) which had been returned unpaid.  The county board caught the error, and refused to excuse the taxes.  New distress warrants were subsequently issued, and the taxes were finally collected.

WFM then filed a multi-count complaint against Cherry County, Nebraska, two former and three current Cherry County commissioners (appellees) alleging civil rights violations under 42 U.S.C. § 1983 and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO), arising out of the unlawful collection of these taxes.  WFM theorizes that the taxes should have been struck from the tax rolls following their inclusion on the county treasurer's list, and any collection of these taxes thereafter was unlawful.   Appellees filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted in part.  Following that ruling, only the RICO claims against the individual defendants remained.

---

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

After the district court's order dismissing the constitutional claims (but while the remaining RICO claims were still pending), WFM filed an action against the county in state court in Cherry County, Nebraska, seeking a refund of the taxes it had paid, and asserting the same theory of the case as in the concurrent federal petition. The state court entered summary judgment in favor of the county, concluding the county board did not act unlawfully in collecting the delinquent taxes.

Appellees then filed a motion to dismiss the remaining RICO claims in federal court, claiming issue preclusion. The district court sustained the motion (which it treated as a motion for summary judgment) and dismissed WFM's case in its entirety with prejudice. The district court reasoned that WFM was barred by the doctrine of issue preclusion from relitigating in federal court the issue of whether the county had unlawfully collected taxes. WFM appeals the district court's earlier grant of the motion to dismiss and the district court's more recent grant of summary judgment on the basis of issue preclusion.

## II.    DISCUSSION

With regard to the earlier dismissal of WFM's constitutional claims, we agree that Nebraska provides meaningful post-payment procedures and, thus, the due process issue is disposed of by <u>McKesson Corp. v. Division of Alcoholic Beverages and Tobacco</u>, 496 U.S. 18 (1990). We also agree that WFM has not established a class from whom it was treated disparately. We therefore affirm the well-reasoned opinion of the district court dismissing these claims. <u>See</u> 8th Cir. R. 47B.

With regard to the remaining RICO claims which were dismissed at the summary judgment stage, WFM first argues that the motion for summary judgment was made beyond the time set for such motions in the case progression order, and, therefore, should not have been allowed. However, it was within the district court's considerable discretion to consider the motion outside of the time set by the case

-3-

progression order. Silberstein v. IRS, 16 F.3d 858, 860 (8th Cir. 1994). The ground for appellees' summary judgment motion was issue preclusion based on the state court judgment rendered after the time set for summary judgment motions. Appellees moved for dismissal in a timely fashion following the state court judgment, and the district court was within its discretion in considering the matter.

Likewise, we agree that issue preclusion bars WFM from pursuing RICO claims against the individual defendants in federal court. Under issue preclusion, also known as collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). This promotes judicial economy and acts to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Id. Deference to prior adjudications includes those of the state courts, and "the scope of the preclusive effect is governed by the law of the state from which the prior judgment emerged." Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996).

In Nebraska, if the following four factors apply, the issue is given full preclusive effect: the issue concluded must be identical, it must have been raised and litigated in the prior action, it must have been material and relevant to the disposition of the prior action, and the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. Westcott v. Crinklaw, 68 F.3d 1073, 1080 (8th Cir. 1995) (citing JED Constr. Co. v. Lilly, 305 N.W.2d 1, 3 (Neb. 1981) and discussing requirements under Nebraska law for issue preclusion).

All four factors are satisfied in the instant case. In order to establish a RICO violation against the individual defendants, WFM would have to establish that appellees unlawfully collected its taxes. The issue of whether appellees unlawfully collected taxes was raised and litigated in state court, and the negative answer to that

question was the reason summary judgment was granted in WFM's action in state court for a tax refund. WFM's argument that the state court judgment was decided on unrelated procedural grounds is unavailing. A review of the February 22, 2001, order denying WFM's motion for new trial reveals that the state court reversed its prior procedural ruling,[3] but reaffirmed its holding that there was insufficient evidence for the county treasurer to "strike" the taxes in question, thus making their collection lawful and providing grounds for disallowing a refund.

The ruling that the taxes were lawfully collected was both material and relevant to the disposition of the state court action for a tax refund and necessary and essential to the judgment. In order to prevail on the state court action for a tax refund, WFM would have to show that the taxes were unlawfully collected in the first place. WFM's theory was, and still is, that the county treasurer directed that the taxes be struck from the tax rolls, and that any collection thereafter was unlawful. Disposing of this argument, the District Court for Cherry County stated:

> plaintiff's legal theory depends entirely upon the notion that the treasurer made a return triggering the striking of taxes from the tax list. Because the treasurer did not make the return as required by law, such striking could not, and did not, occur. The plaintiff's cause of action necessarily fails.

W.F.M., Inc. v. Cherry County, Neb., No. CI00-21, slip. op. at 4 (Cherry Cty. Dist. Ct. Sept. 28, 2000). Finally, under Nebraska law, a judgment is final for purposes of collateral estoppel (or issue preclusion) even though an appeal has been perfected and is pending. Peterson v. Nebraska Natural Gas Co., 281 N.W.2d 525, 527 (Neb.

---

[3]In its first order, the state court alternatively ruled that WFM did not comply with statutory service requirements contained in Neb. Rev. Stat. § 77-1735, in addition to its ruling that the taxes were not unlawfully collected.

1979). Thus, the ruling in state court precludes WFM's attempt to pursue this case in federal court.

## III. CONCLUSION

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.