# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-2896 / 01-2926

_____

| | | |
|---|---|---|
| Marjorie Fish, Kathleen Gill, | * | |
| Christine Jazwinski, Lora Robinson, | * | |
| and June Goemer on behalf of | * | |
| themselves and a class of similarly | * | |
| situated persons, | * | |
| | * | |
| Appellants / Cross-Appellees, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| St. Cloud State University, Minnesota | * | |
| State University System a/k/a | * | |
| Minnesota State Colleges and | * | |
| Universities a/k/a MnSCU f/k/a | * | |
| MSUS, and the Inter-Faculty | * | |
| Organization, | * | |
| | * | |
| Cross-Appellants / Appellees. | * | |

_____

Submitted:  June 14, 2002
Filed:  July 9, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

The plaintiff class, women faculty members at St. Cloud State University, reached an agreement during 2001 with defendant Minnesota State Colleges and Universities and its member institution St. Cloud State (collectively St. Cloud State), settling their claims of gender discrimination and leaving unresolved only the issue of attorney fees. The district court[1] awarded the class $2,034,274 in fees and $207,872.36 in costs. The class appeals, arguing that the court abused its discretion in setting the hourly rates and in reducing the lodestar to reflect incomplete success. St. Cloud State cross appeals, arguing that the court should have also made deductions for duplicative and excessive billing by class counsel and for unsuccessful efforts in motion practice. We affirm.

In 1996 plaintiffs filed this action against St. Cloud State[2] alleging three counts of gender discrimination in compensation, promotion and tenure, and terms and conditions of employment. See 42 U.S.C. § 2000e et seq. Under the settlement agreement, St. Cloud State committed to provide a total of $600,000 in back pay to class members who "alleged a discriminatory pay claim," as well as a lump sum payment of $60,000 to the named plaintiffs. St. Cloud State also agreed to prospective salary adjustments, to requirements for record keeping, reporting, and training, and to the promotion of one of the named plaintiffs. The other promotion claims of the class were dismissed without prejudice.

The class petitioned the district court for $3,799,763.90 in fees. The request was based on 8,541.15 hours of work by individual plaintiff attorneys whose proposed hourly rates ranged between $470 to $329, as well as on 789.20 hours by paralegals. The district court approved the number of hours submitted by the class, but it reduced the requested hourly rates and set them at $350 to $225. It then

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[2]The Inter Faculty Organization, the union representing St. Cloud State faculty, was subsequently added as a defendant but it is not involved in the issues here.

reduced the lodestar amount by 15% to reflect lack of complete success on all claims, and denied the class request for an enhancement. It awarded almost all of the costs requested, and no issue has been raised about them.

The court in its discretion may allow a party prevailing on a Title VII claim reasonable attorney fees. 42 U.S.C. § 2000e-5(k). Plaintiffs who obtain relief through settlement are considered prevailing parties for this purpose. Wray v. Clarke, 151 F.3d 807, 809 (8th Cir. 1998). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). A district court's award of attorney fees is reviewed for abuse of discretion, Webner v. Titan Distrib., Inc., 267 F.3d 828, 838 (8th Cir. 2001), but its rulings on issues of law are reviewed de novo. Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001).

The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. Hensley, 461 U.S. at 433. The class argues that the district court abused its discretion in setting hourly rates. A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. Emery, 272 F.3d at 1048. The parties presented two surveys of hourly rates, one reporting fees received by seven Twin Cities class action firms and the other reporting fees received by sixty-two firms doing a variety of work around the state. The court set individual hourly rates at the median of the class action survey and near the upper limit of the statewide survey, also taking into account the number of years an attorney had been admitted to practice.

The class contends that the district court was inconsistent in its treatment of the number of hours reasonably expended, that it should have used the top rate shown in the class action survey to reflect the skill and experience of counsel, and that it put too much emphasis on the number of years an attorney had practiced. St. Cloud State

-3-

argued to the district court that the lodestar should be reduced to reflect duplication of effort and the use of attorneys for matters which could have been handled by paralegals. The court responded to that argument with its statement that the rates set would "compensate for any 'over-lawyering' which might have occurred." The class argues that this statement was inconsistent with the findings by the court that the number of hours billed was "generally appropriate and reasonable" and that the "services rendered were of excellent quality." The court's comment about accounting for possible "over-lawyering" must be understood within the context of its entire opinion and its statement that the number of hours requested was "generally" reasonable. The district court was in the best position to assess the work done by counsel, and it used the surveys provided by the parties and its familiarity with the case to decide what hourly rate would be reasonable for each lawyer. We cannot say that it abused its discretion in its findings or erred in its conclusions.

The most critical factor in assessing fees is the degree of success obtained. Hensley, 461 U.S. at 436. Although the class proffered affidavits claiming that the result obtained was "exceptional," the settlement agreement did not reflect complete success on all claims. No monetary payment was made for the claims dealing with promotion and tenure or terms and conditions. Only one individual promotion was secured,[3] and the other promotion and tenure claims were dismissed without prejudice. The district court did not abuse its discretion in reducing the lodestar by 15% to reflect the lack of complete success. See Hensley, 461 U.S. at 436-37.

---

[3]Fifty-five class members were promoted while the litigation was pending. Although the class claims that most of the promotions were prompted by the settlement, it has provided no evidence in support. We note also that the Supreme Court recently disapproved an award of attorney fees "where there is no judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 609 (2001) (rejecting "catalyst theory" that plaintiff is "prevailing party" if desired result is achieved through voluntary change in defendant's conduct).

St. Cloud State contends on cross appeal that the hours submitted by the plaintiffs included duplicative and excessive billing, as well as losing efforts in motion practice. Upon careful review of the record, we find no abuse of discretion in the district court's determination that the hours submitted were "generally appropriate and reasonable given the complexity of the case."

Accordingly, we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.