# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1257

_____

Patricia A. Crumley,                                    *
                                                        *
       Plaintiff - Appellant,                  *
                                                        *
                                                        *   Appeal from the United States
    v.                                             *   District Court for the
                                                        *   District of Minnesota.
City of St. Paul, Minnesota;                            *
Michael Bratsch, Police Officer;                        *
Gerard Bohling, Police Officer,                         *
                                                        *
       Defendants - Appellees.                  *

_____

Submitted:  October 10, 2002

Filed:  April 7, 2003

_____

Before HANSEN,[1] Chief Judge, MAGILL, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

     Patricia Crumley was arrested and charged with the crime of obstruction of legal process in Ramsey County, Minnesota.  A jury acquitted her of the offense. Thereafter, she brought this action asserting claims arising under 42 U.S.C. §§ 1981,

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003.  He has been succeeded by the Honorable James B. Loken.

1983, 1985, and a number of state claims against Officer Michael Bratsch, the arresting officer, Sergeant Gerard Bohling, the investigating officer, and the City of St. Paul (City). Crumley appeals from the district court's[2] grant of summary judgment in favor of the defendants on all claims. We affirm.

I

Viewed in the light most favorable to Crumley, the record reveals the following facts. On the evening of September14, 1998, Officer Bratsch observed a vehicle he believed to be acting suspiciously. He further observed the vehicle's rear license plate light was not functioning. Bratsch stopped the vehicle, approached the vehicle and its two occupants, and asked the driver to return to Bratsch's squad car with him. The driver complied and sat in the back of the squad car. Bratsch then walked to the vehicle to speak with the passenger. After a brief conversation with the passenger, Bratsch turned and began walking back to the squad car when he noticed Crumley watching him from across the street. Bratsch crossed the street and asked who she was and what she was doing. Bratsch eventually remembered her from a previous criminal investigation, and her past work as an attorney. Crumley explained she was merely watching the encounter. She and Bratsch spoke for a short time. Bratsch then left her and walked back to his squad car. Crumley watched for a short time longer, and then walked to her nearby home. She remained at her home for approximately ten minutes, but then returned to the traffic stop.

Meanwhile, Bratsch had returned to his squad car and began a computer search on both the driver and passenger. The computer search revealed an outstanding warrant for one of the individuals. While Bratsch reviewed the warrant information in his squad car, Crumley approached the passenger in the stopped vehicle and

---

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

handed him a business card. Bratsch left his vehicle and quickly approached Crumley. He shouted at Crumley to "get away from [his] stop." He struck or pushed Crumley approximately five times and then spun her around and handcuffed her. He then led her to the squad car. Bratsch released the stopped vehicle and told the occupants to resolve the outstanding warrant. Bratsch then placed Crumley into the squad car and drove her to a police station.

At the police station, Crumley was released from handcuffs and fingerprinted. She became aware of an injury she had received from the handcuffs: one of her wrists was bleeding. She was re-handcuffed, but in such a way as not to aggravate her injury. Another officer then drove her to an adult detention center. At the detention center, Crumley was strip-searched by two female deputy sheriffs.

Bratsch completed and filed an arrest report. Sergeant Bohling reviewed the report and attempted to interview Crumley on September 15. Crumley stated she had retained counsel and declined to speak further with law enforcement. Early in the afternoon on September 15, Crumley was released.

Crumley was charged with obstruction of legal process in violation of Minnesota Statute § 609.50. The charge was brought to trial, but a jury returned a verdict of not guilty.

Crumley sued pursuant to 42 U.S.C. § 1983, claiming she was arrested without probable cause and with excessive force, thereby suffering violations of her Fourth Amendment rights. She also brought actions pursuant to 42 U.S.C. §§ 1981, 1985, and a number of state claims. Defendants moved for summary judgment and the district court granted the motion, reasoning, in part, Officer Bratsch was entitled to qualified immunity. Crumley appealed.

II

"We review a district court's grant of summary judgment de novo. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Duffy v. McPhillips, 276 F.3d 988, 991 (8th Cir. 2002) (citations omitted); Fed. R. Civ. P. 56(c). There is a genuine issue of material fact if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. Landon v. Northwest Airlines, Inc., 72 F.3d 620, 625 (8th Cir. 1995). The moving party bears the burden of showing the absence of a genuine issue of material fact. Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 487 (8th Cir. 1998). "We may uphold a grant of summary judgment for any reason supported by the record, even if different from the reasons given by the district court." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).

Crumley contends her arrest was not supported by probable cause; therefore, she was illegally seized in violation of the Fourth Amendment. Defendants argue Crumley is collaterally estopped from raising this issue because it was litigated during Crumley's criminal proceedings. We agree.

In Allen v. McCurry, the Supreme Court held collateral estoppel, or issue preclusion, may apply when § 1983 plaintiffs attempt to re-litigate in federal court issues decided against them in state criminal proceedings. 449 U.S. 90, 103 (1980); see also Munz v. Par, 972 F.2d 971, 973 (8th Cir. 1992) (observing "collateral estoppel applies to section 1983 actions involving alleged Fourth Amendment violations."). "'[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different

-4-

cause of action involving a party to the first case.'" <u>W.F.M., Inc. v. Cherry County</u>, 279 F.3d 640, 643 (8th Cir. 2002) (quoting <u>Allen</u>, 449 U.S. at 94).

This court gives a state court judgment the same preclusive effect it would be given under the law of the state in which it was rendered. 28 U.S.C. § 1738; <u>W.F.M.</u>, 279 F.3d at 643.

In order for the doctrine of collateral estoppel to apply under Minnesota law, the following must be true:

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

<u>Willems v. Comm'r of Pub. Safety</u>, 333 N.W.2d 619, 621 (Minn. 1983) (quoting <u>Victory Highway Vil., Inc. v. Weaver</u>, 480 F. Supp. 71, 74 (D. Minn. 1979)).

These conditions were met in the present case. The fact that a jury ultimately acquitted Crumley of the offense is irrelevant to this discussion. <u>E.g., Cota v. Chapa</u>, 2001 U.S. App. LEXIS 1438, at **1-2 (8th Cir. Dec. 15, 2001) (unpublished) (affirming the district court's holding plaintiff was collaterally estopped from challenging the Minnesota state court's finding of probable cause for an arrest, even though plaintiff was subsequently acquitted of the crime for which he was arrested). Therefore, the Minnesota state court conclusion that there was probable cause to arrest Crumley collaterally estopped a contrary ruling in Crumley's § 1983 action. Accordingly, the arrest is not violative of the Fourth Amendment and cannot support a § 1983 claim. Unless, that is, the arrest was effected with excessive force.

## III

Crumley argues her arrest was effected with more force than was necessary and proper, and therefore her constitutional rights were violated. Specifically, she alleges she was unnecessarily pushed and improperly handcuffed resulting in two incidents of unlawful force.

"The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." Guite v. Wright, 147 F.3d 747, 760 (8th Cir. 1998). The violation of this right will, of course, support a § 1983 action. E.g., id. "Fourth Amendment jurisprudence has long recognized [however] that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). Therefore, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

The force employed by an officer is not excessive and thus not violative of the Fourth Amendment if it was "objectively reasonable under the particular circumstances." Greiner v. City of Champlin, 27 F.3d 1346, 1354 (8th Cir. 1994). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. at 396-97. "Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct." Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir. 1990).

Additionally, while this court has stated "[i]t remains an open question in this circuit whether an excessive force claim requires some minimum level of injury," Hunter v. Namanny, 219 F.3d 825, 831 (8th Cir. 2000), a de minimus use of force or injury is insufficient to support a finding of a constitutional violation. Id.; see also Curd v. City Court, 141 F.3d 839, 841 (8th Cir. 1998) (reasoning "[e]ven if seizing an [arrestee's] arm and turning her body was unnecessary to effect the arrest, we cannot conclude that this limited amount of force was objectively unreasonable," especially since there was no allegation or evidence of injury or physical pain).

In addition to the circumstances surrounding the use of force, we may also consider the result of the force. Foster, 914 F.2d at 1082 ("We do not believe that . . . allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are sufficient to support [a] claim of excessive force"); Greiner, 27 F.3d at 1355 (reasoning the lack, or minor degree, of any injury is also relevant in determining the reasonableness of the force used to effect an arrest, and holding the district court correctly held officers were protected from the plaintiffs' § 1983 claims by the doctrine of qualified immunity).

Accepting Crumley's version of the facts as true, we conclude no reasonable jury could have found the police officer used excessive force by pushing or shoving Crumley to effect the arrest. Crumley contends she defensively moved away from the officer to keep him from getting hold of her once he pushed her. While Crumley's reaction may have been entirely natural, it nonetheless constituted resistance. Resistance may justify the use of greater force. Foster, 914 F.2d at 1082. Even more harmful to Crumley's position, she has not alleged she suffered any physical injury from the police officer's push or shove. The absence of an injury altogether suggests to us the force used here was reasonable.

Similarly, we conclude no reasonable jury could have found the police officer used excessive force in securing the handcuffs. Crumley maintains her handcuffs

were secured so tightly they made one of her hands bleed.  Crumley, however, did not allege, or present any medical records indicating she suffered any long-term or permanent physical injury as a result of the handcuffs.  This fact, coupled with our opinion in <u>Foster</u> on similar facts, defeats her argument.

In <u>Foster</u>, we concluded a claim of nerve damage resulting from being handcuffed too tightly was not tantamount to excessive force in the absence of "medical records indicating . . . any long-term injury as a result of the handcuffs." 914 F.2d at 1082.  We affirmed the district court's grant of summary judgment reasoning: "We do not believe . . . allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are sufficient to support his claim of excessive force."  <u>Id.</u>

<u>Foster</u> instructs us, therefore, that for the application of handcuffs to amount to excessive force there must be something beyond allegations of minor injuries.  <u>Id.</u> We are not alone in this conclusion.  <u>See</u> <u>Rodriguez v. Farrell</u>, 280 F.3d 1341, 1352 (11th Cir. 2002) (stating "Painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal.");  <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1257-58 (11th Cir. 2000) (holding as a matter of law the amount of force used during an arrest to handcuff a suspect was not excessive and would not defeat an officer's qualified immunity where the resulting injury was merely bruising).  <u>Cf.</u> <u>Martin v. Gentile</u>, 849 F.2d 863, 869-70 (4th Cir. 1988) (concluding, as matter of law, painful handcuffing of one resisting arrest that resulted in scrapes and bruises was not a constitutional violation).

Accordingly, we hold as a matter of law, Crumley's injuries are too minor to support an excessive force claim.  Without the requisite showing of a constitutional violation, summary judgment is proper because Crumley has failed to establish the existence of an essential element of her case.  Thus, we need not reach the question

of qualified immunity.  The district court's grant of summary judgment with regard the § 1983 action is affirmed.

Lastly, we have considered Crumley's claims under 42 U.S.C. §§ 1981 and 1985, as well as her state law claims.  The district court's grant of summary judgment as to these claims is also affirmed.  <u>See</u> 8th Cir. R. 47 B(1) & (4).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.