# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2758 & 04-2802

_____

| | | |
|---|---|---|
| Adam J. Hanig, | * | |
| | * | |
| Appellee and Cross-Appellant | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Lisa Anne Lee, | * | of South Dakota |
| | * | |
| Appellant and Cross-Appellee | * | |
| | * | |
| and | * | |
| | * | |
| City of Rapid City, | * | |
| | * | |
| Cross-Appellee. | * | |

_____

Submitted: May 13, 2005
Filed: July 18, 2005

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

On October 17, 2000, sixteen-year-old Adam J. Hanig and three friends were skateboarding in the parking lot of the civic center in Rapid City, South Dakota. Hanig was arrested by Officer Lisa Anne Lee of the city Police Department. Taking him into custody, Officer Lee applied handcuffs and put him in her patrol car.

Hanig sued Lee and the city under 42 U.S.C. § 1983 and pendent state claims. A jury returned a verdict for Hanig finding Lee violated his Fourth Amendment rights by using excessive force in the arrest and negligently applying the handcuffs. Lee appeals the jury verdict awarding a total of $153,000 in damages. Hanig cross-appeals the grant of attorney's fees by the district court.[1] Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

## I.

Lee argues that the district court should have directed a verdict in her favor based on the defense of qualified immunity. This court reviews de novo denials of motions for directed verdict. *See* ***Grogg v. Missouri Pacific Railroad Co.***, 841 F.2d 210, 212 (8th Cir. 1988). All inferences reasonably drawn from the evidence must be given to the non-moving party; the trial court's decision will only be overturned if the appellate court, reviewing the evidence de novo, concludes that "no reasonable juror could have returned a verdict in the non-moving party's favor." ***Goff v. Bise***, 173 F.3d 1068, 1073 (8th 1999); ***Hill v. McKinley***, 311 F.3d 899, 902 (8th Cir. 2002).

Qualified immunity is not just a defense to liability, it constitutes immunity from suit. ***Saucier v. Katz***, 533 U.S. 194, 200 (2001). The threshold issue – and the only issue in this appeal – is whether the facts show the officer's actions violated a constitutional right. ***Id.*** at 201. The evidence was clear (from the senior officer present at the scene) that Officer Lee improperly applied the handcuffs, causing Hanig significant pain and severe bruising.

Lee asserts, however, that Hanig did not sufficiently prove long-term or permanent physical injury. An "actual injury" must be shown to support an excessive force claim under the Fourth Amendment. ***Dawkins v. Graham***, 50 F.3d 532, 535

---

[1] The Honorable Andrew W. Bogue, United States District Court Judge for the District of South Dakota.

(8th Cir. 1995).  For the application of handcuffs to amount to excessive force, there must be something beyond minor injuries.  *Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003).

Lee invokes *Foster v. Metropolitan Airports Commission*, 914 F.2d 1076 (8th Cir. 1990), and *Crumley v. City of St. Paul*, 324 F.3d at 1008.  In *Foster*, "nerve damage" from being handcuffed too tightly did not constitute actual injury without "medical records indicating . . . any long-term injury as a result of the handcuffs." **914 F.2d at 1082**.  Affirming summary judgment, this court stated: "We do not believe . . . allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are sufficient to support his claim of excessive force." *Id*.

In *Crumley*, also affirming summary judgment, this court concluded that no reasonable jury could have found excessive force in applying handcuffs, because the plaintiff failed to allege or present any medical records indicating a long-term or permanent physical injury.  **324 F.3d at 1008**.

Here, the jury heard testimony from (1) Hanig's treating orthopedic surgeon that he suffered a 1.3% permanent impairment of his upper right extremity, (2) a vocational rehabilitation expert that Hanig suffered a 13% vocational disability, and (3) an economist that his life-time economic loss was $180,063. This distinguishes *Foster* and *Crumley*.  Although the surgeon acknowledged that his opinion was founded on Hanig's subjective complaints and not independently supported by objective findings, the surgeon's opinion was uncontradicted at trial, and the jury had an opportunity to judge the credibility of Hanig's subjective complaints at trial. Giving Hanig the benefit of all reasonable inferences from the evidence, the jury's verdict was not unreasonable. The district court did not err in denying Lee's motion for directed verdict.

## II.

Hanig argues that the district court should have granted more than $51,692.15 in attorney's fees, of the $85,457.33 he requested. Specifically, Hanig asserts that the district court improperly reduced the hourly rates for attorneys Kenneth R. Dewell, Gregory A. Eiesland, and Aaron D. Eiesland.

Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion. *See Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999). Under 42 U.S.C. § 1988(b), a prevailing party in a § 1983 action is entitled to reasonable attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fisk v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002). When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *See Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2004).

Here, the district court determined that recent fee awards in South Dakota range from $150 to $185 per hour. Dewell presented affidavits that his customary fee was $150 per hour when this litigation began, and he agreed with Hanig to use a "base rate" of $150 in pursuing court-awarded fees (from which Dewell could seek a "substantial multiplier" with the court). The court acknowledged that Dewell has substantially more experience than another attorney who was awarded an hourly rate of $185 (by a different judge), but concluded that the $150 per hour was reasonable based on the fact that Dewell assesses this rate to his clients for similar litigation. The court found excessive a $200 rate for Dewell. The district court did not abuse its discretion in calculating Dewell's rate.

The district court decided that although Greg Eiesland receives $250 per hour for services in other types of litigation, such a rate is excessive for a civil rights case in South Dakota. The district court concluded a rate of $200 was more reasonable. In addition, after considering the experience of Aaron Eiesland as a former federal law clerk with two years in private practice, the district court concluded that $125 per hour was more reasonable than the $150 requested. The district court did not abuse its discretion in granting attorney's fees.

The judgment is affirmed.

_____