# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1829

_____

Michael Andrews,                              *
                                              *
            Appellant,                        *
                                              *
    v.                                        *  Appeal from the United States
                                              *  District Court for the
Douglas County,                               *  District of Nebraska.
                                              *
            Defendant,                        *  [UNPUBLISHED]
                                              *
Robert Branch,                                *
                                              *
            Appellee,                         *
                                              *
David F. Smalheiser; Douglas County           *
Sheriff; Douglas County Corrections,          *
                                              *
            Defendants.                       *

_____

Submitted: April 4, 2006
    Filed: April 5, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Nebraska citizen Michael Andrews appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action arising out of his arrest by Defendant Omaha Police Officer Robert Branch following a traffic stop. Having conducted de novo review of the record, we affirm.[2] See Wertish v. Krueger, 433 F.3d 1062, 1064 (8th Cir. 2006) (standard of review); Littrell v. Franklin, 388 F.3d 578, 582-83 (8th Cir. 2004) (qualified-immunity analysis).

First, the summary judgment record undisputedly shows that Branch had probable cause for Andrews's arrest: Branch's request for identification from Andrews was lawful even though Andrews was merely a passenger in the stopped car, see United States v. Sanchez, 417 F.3d 971, 973-75 (8th Cir. 2005), and it was not objectively unreasonable for Branch to rely on information from the crime-information database indicating that Andrews was the subject of outstanding arrest warrants, cf. United States v. Rivera, 370 F.3d 730, 733 (8th Cir. 2004) (probable cause for arrest exists if, at moment arrest is made, facts and circumstances within officer's knowledge and of which he had reasonably trustworthy information, were sufficient to warrant prudent person in believing offense had been committed). To the extent Andrews is contending that Branch lacked probable cause to cite Andrews for obstructing administration of the law and resisting arrest, the videotape shows that Andrews resisted Branch and his partner's efforts to handcuff him, even after the officers informed him of the outstanding warrants, and that he tried to leave the scene.

Likewise, the summary judgment record conclusively shows that Branch's use of force was not objectively unreasonable under the Fourth Amendment: the entire incident occurred quickly over a brief period, during which time Andrews was

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]We decline to consider Andrews's newly raised allegations and claims. See Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004).

resisting the officers' efforts to handcuff Andrews, and was attempting to leave. <u>See</u> <u>Dennen v. City of Duluth</u>, 350 F.3d 786, 791 (8th Cir. 2003) (calculus of reasonableness must allow for fact that police officers are often forced to make split-second judgments in circumstances that are uncertain and rapidly evolving); <u>Crumley</u> <u>v. City of St. Paul</u>, 324 F.3d 1003, 1007 (8th Cir. 2003) (not every push or shove, even if later it might seem unnecessary in peace of judge's chambers, constitutes Fourth Amendment violation). Further, our review of the videotape of this incident reveals that, during the scuffle, Andrews suffered only a small abrasion next to one eye. <u>See</u> <u>Wertish</u>, 433 F.3d at 1067 (relatively minor scrapes and bruises and temporary aggravation of shoulder problem were de minimis injuries and supported conclusion that officer did not use excessive force). We also reject Andrews's contention that the search of his person was unlawful and unnecessary. <u>See</u> <u>United</u> <u>States v. Mendoza</u>, 421 F.3d 663, 668 (8th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 6, 2006) (No. 05-9637).

Accordingly, we affirm, and we deny Andrews's pending motions.

_____