# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3454

_____

| | | |
|---|---|---|
| Kelly Norberg, individually and as a natural mother and guardian of Alec Norberg, a minor, and an employee of Labor Ready, | * * * * | |
| | * | Appeal from the United States |
| Plaintiff - Appellant, | * | District Court for the Southern |
| | * | District of Iowa. |
| v. | * | |
| | * | |
| Labor Ready, Inc., a Washington corporation | * | [UNPUBLISHED] |
| | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 20, 2006
Filed: April 25, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kelly Norberg filed this personal injury action on behalf of herself and her son Alec, who as a three year old suffered permanent injuries to his hand from a paper shredder at her workplace, a branch office of Labor Ready, Inc. The jury found in

favor of Labor Ready, and Norberg appeals. She contends that the district court[1] erred by denying her motions for directed verdict and for judgment as a matter of law or for a new trial and by allowing use of an exemplar paper shredder at trial. She also asserts that there was no evidence that she was negligent and that any possible negligence on her part should not have been imputed to Alec.

Norberg's husband Randy took three of their young children to her office on the evening of November 1, 2000. While they were there, Randy left the children in a back area of the office in order to speak with Norberg. The couple heard a scream and then discovered that Alec's fingers had been caught in a paper shredder. The accident resulted in permanent injury to three of his fingers. At trial Norberg testified that the shredder made noise only when it was in use. The district court permitted Labor Ready to use an exemplar shredder to impeach her testimony by demonstrating the amount of noise which emanated from it when not turned off. There was also testimony about an office policy which excluded children from the employee area with very limited exceptions. When all of the evidence had been presented, Norberg moved for directed verdict on Alec's behalf; the motion was denied. After the verdict was returned in favor of Labor Ready, Norberg filed a motion for judgment as a matter of law or a new trial, which was denied.

Norberg asserts that the magistrate judge erred by denying her motion for directed verdict because she had offered proof that the office was unsafe under both attractive nuisance and res ipsa loquitur theories and also erred by denying her post trial motion. She contends that Alec was legally incapable of being found contributorily negligent at his age, that there was no proof that she negligently supervised him, and that any negligence of hers could not be imputed to Alec.

---

[1] The Honorable Ross A. Walters, Chief United States Magistrate Judge for the Southern District of Iowa, presiding.

Norberg also challenges the use of the exemplar shredder as unduly prejudicial, alleging that it should have been disclosed prior to trial and that it was not used for impeachment but rather as the centerpiece of the defense.

We review denials of motions for directed verdict and judgment as a matter of law de novo, viewing all evidence in the light most favorable to the respondent or the verdict. See Simpson v. Merchants & Planters Bank, 441 F.3d 572, 577 (8th Cir. 2006); Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005). Such a motion may only be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on a material issue. See Fed. R. Civ. P. 50(a)(1). We review the denial of a motion for new trial for abuse of discretion. Lopez v. Mendez, 432 F.3d 829, 833 (8th Cir. 2005).

After studying the record, we conclude that Norberg has not shown that she is entitled to prevail on appeal. There was evidence to support the trial judge's ruling that res ipsa loquitur did not apply because the machine was not under Labor Ready's exclusive control when the accident occurred. There was also evidence that the box of toys alleged to have attracted Alec was in a different cubicle than the shredder, and there was testimony about the office policy against allowing children at work. Since there was sufficient evidence to uphold the jury verdict, the court did not err by denying the motions for directed verdict and judgment as a matter of law. Finally, there was no abuse of its discretion in allowing use of the shredder at trial for impeachment purposes, see Fed. R. Civ. P. 26(a)(3), and also no abuse in denying the motion for a new trial.

Accordingly, we affirm the judgment of the district court.

_____