# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3208

_____

Gregory Alan Hill,

           Appellant,

v.

Kansas City Metro Task Force; Sean
Cutburth; Wesley Williamson; Dan
Tznadel; Travis Forbes; Shawn Gibson,

           Appellees.

                          Appeal from the United States
                          District Court for the
                          Western District of Missouri.

                          [UNPUBLISHED]

_____

Submitted: May 5, 2006
Filed: May 31, 2006

_____

Before MURPHY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Gregory Alan Hill appeals the district court's adverse grant of summary judgment in his civil rights action. In his action he seeks damages from Kansas City Metro Task Force (KCMTF) and six of its unknown officers based on a claim of excessive force arising from his May 2001 arrest.[1] KCMTF later identified five officers–Sean Cutburth, Wesley Williamson, Dan Trznadel, Travis Forbes, and Shawn Gibson– as the only ones involved in Hill's arrest. Having conducted de novo

_____

[1]Hill abandoned his other claims in the district court.

review, we affirm in part and reverse in part.  See Wertish v. Krueger, 433 F.3d 1062, 1064 (8th Cir. 2006) (standard of review).  We decline to consider exhibits that were not made part of the record in the district court.  See Griffin v. Super Valu, 218 F.3d 869, 871 (8th Cir. 2000).

We conclude that summary judgment was properly granted to KCMTF and to defendant Officers Cutburth, Trznadel, and Forbes.  Hill offered nothing to counter the evidence that these officers submitted, and instead sought to dismiss them without prejudice in case he later discovered evidence implicating them, see Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (to defeat summary judgment, party must substantiate allegations with sufficient probative evidence that would allow finding in party's favor based on more than just speculation); and Hill admitted that his claims against KCMTF were based solely on a respondeat superior theory, cf. Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2003) (§ 1983 liability against municipality cannot be based on respondeat superior theory).

We also conclude that the district court erred in part in granting summary judgment to defendant Officers Gibson and Williamson.  While Hill's complaint and his initial unverified summary judgment responses were not entirely consistent about when he was beaten–i.e., during or after handcuffing or both–his verified complaint and sur replies[2] made under 28 U.S.C. § 1746 were sufficient to create a dispute on facts material to his excessive force claim.  See 28 U.S.C. § 1746 (when rule requires or permits matter to be supported, evidenced, established, or proved by, inter alia, affidavit, in writing of person making same, such matter may, with like force and effect, be supported, evidenced, established, or proved by unsworn declaration which

---

[2]The court did not strike Hill's sur replies, and while the local rules do not specifically provide for them, neither do they prohibit them.  See W.D. Mo. R. 56.1 (summary judgment motions); cf. Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (noting district courts may adopt local rules reasonably designed to streamline resolution of summary judgment).

is subscribed as true under penalty of perjury); <u>Roberson v. Hayti Police Dep't</u>, 241 F.3d 992, 994-95 (8th Cir. 2001) (plaintiff's verified complaint is equivalent of affidavit for summary judgment purposes, and complaint signed and dated as true under penalty of perjury satisfies requirements of verified complaint under § 1746).

As Hill notes on appeal, KCMTF identified only five officers as being involved in his arrest. While Williamson and Gibson attested that they did not remove Hill from the truck he was driving and place him on the ground, but merely handcuffed him and made sure the handcuffs were not too tight, the other three officers presented evidence that they were too far removed from the scene to have been involved, and none of the five officers identified which officer removed Hill from the truck and placed him on the ground. Thus, construing the record in a light most favorable to Hill as required, a genuine issue of material fact exists as to whether Williamson and Gibson were the ones who removed Hill from the truck, placed him on the ground before handcuffing, and continued to monitor him afterwards.

According to Hill's verified statements, he was beaten during and after handcuffing even though, contrary to the officers' evidence, he was not resisting; and he required emergency treatment for open wounds on his face and body bruises. Thus, further material disputes exist over whether Williamson and Gibson beat Hill while they were handcuffing him as he was on the ground, whether they continued to beat him after handcuffing, and whether Hill was resisting during and after handcuffing, <u>see</u> <u>Dennen v. City of Duluth</u>, 350 F.3d 786, 790-91 (8th Cir. 2003) (in considering excessive-force claims, courts should look to severity of crime, and whether suspect poses immediate threat to safety of officers and others, or is actively resisting arrest or trying to avoid arrest by fleeing), and we conclude that summary judgment was improper for Hill's excessive force claims against Williamson and Gibson relating to this aspect of the encounter.

Even though there is some dispute about the force used in seizing Hill before the handcuffing, the officers are entitled to qualified immunity on these claims. A reasonable officer would not have believed that Hill's rights were violated by the force he says Williamson and Gibson used in an attempt to stop him from trying to drive away with them in the truck bed. See Littrell v. Franklin, 388 F.3d 578, 582-83 (8th Cir. 2004) (second part of qualified immunity analysis–whether right was clearly established–is a fact intensive inquiry and must be undertaken in light of specific context of case; reasonableness of particular use of force must be judged from perspective of reasonable officer on scene and not with 20/20 hindsight, and must take into account fact that officers must often make split-second judgments in tense, uncertain, and rapidly evolving circumstances); Crumley v. City of St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003) (not every push or shove, even if it may later seem unnecessary in peace of judge's chambers, constitutes Fourth Amendment violation).

Qualified immunity does not provide an alternative basis for affirming as to these officers' use of force during and after handcuffing, however, since there are disputed facts concerning whether Hill resisted and, if not, whether the officers beat him anyway. Cf. Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000) (defendants were not entitled to qualified immunity where two witnesses testified that once plaintiff was arrested and handcuffed, he did not struggle or resist, yet officers kicked him in ribs, and beat his head on ground, rendering him unconscious).

Accordingly, we affirm the judgment in favor of KCMTF and Officers Cutburth, Trznadel, and Forbes. We reverse the grant of summary judgment to Officers Gibson and Williamson, but only in respect to their actions during and after handcuffing Hill, and remand for further proceedings consistent with this opinion.

_____